| Michael J. Redenburg, Esq. PC | Osman & Smay LLP |
|---|---|
| Michael Redenburg, Esq. (NY #MR4662) | Stephen L. Smay (NY #SS4944) |
| 150 Broadway, Suite 808 | Matthew E. Osman (*Admitted Pro Hac Vice*) |
| New York, NY 10038 | 7930 Santa Fe Dr., Suite 100 |
| Telephone: (212) 240-9465 | Overland Park, KS 66204 |
| Facsimile: (917) 591-1667 | Telephone: (913) 667-9243 |
| | Facsimile: (866) 470-9243 |

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **MARCKENZY GISOMME, TREMAINE SPRINGER AND EDUARDO AQUINO** **On behalf of themselves And all others similarly situated,** | |
| **Plaintiffs,** | **Amended Class & Collective Action Complaint** |
| **v.** | **JURY TRIAL DEMANDED** |
| **HEALTHEX CORP., HEALTHEX COURIER LLC AND KEITH W. KEARNEY,** | **Civ. No.: 2:13-cv-02541 (LDW) (WDW)** |
| **Defendants.** | |

## AMENDED COMPLAINT

### Collective and Class Action Claims

**COME NOW** the Plaintiffs, Marckenzy Gisomme, Tremaine Springer and Eduardo Aquino on behalf of themselves and all others similarly situated, by and through counsel, and hereby set forth their representative action for violations of the Fair Labor Standards Act under 29 USC § 216(b) and/or a representative class action for violation of the New York Labor Laws ("NYLL") as follows:

### PRELIMINARY STATEMENT

1. This is a "hybrid" action, where both "opt-out" and "opt-in" representative claims are asserted.  The NYLL claims are brought as a traditional class action under Fed. R. Civ. P.

1

23, where class members are given the opportunity to opt out of the case.  Pursuant to 29 U.S.C. § 216(b), FLSA class members opt into the case after it is conditionally certified as a collective action.

2.   Plaintiffs Marckenzy Gissomme, Tremaine Springer and Eduardo Aquino, on behalf of themselves and all others similarly situated, bring this action against HealthEx Corp., HealthEx Courier, LLC and Keith W. Kearney ("Defendants") for unpaid straight time, overtime compensation and related penalties and damages.  Defendants' policies, practices and/or procedures have been, and continue to be, to willfully fail and refuse to properly pay straight time and overtime compensation due and owing to Plaintiffs and all other similarly situated employees.  Doing so is in direct violation of both state and federal law.

3.   Defendants own and/or operate a "courier service that is dedicated exclusively to the healthcare community."  *See http://www.healthexcourier.com* (last visited on April 19, 2013).  Defendants provide these services within New York, New Jersey, Illinois, Florida, and Connecticut.  *See http://www.healthexcourier.com/service-area.php* (last visited on April 19, 2013).  Defendants' "couriers are professionally trained to handle and transport medication and biological materials" and Defendants have "made the investment in the people and training needed to consistently provide a high level of professional service."  *See http://www.healthexcourier.com/driver-training.php* (last visited on April 19, 2013).  Defendants put prospective drivers through a comprehensive screening process and their drivers are required to agree to random drug testing.  *Id.*  Drivers are also interviewed to ensure that drivers have a good "smile and a good attitude in our effort to provide you with the best possible drivers for your deliveries."  *Id.*  Defendants' drivers are also required to go through a detailed Occupational Safety and Health Administration ("OSHA") training as well

2

as specific training in the Health Insurance Portability and Accountability Act. *Id.* Finally, Defendants' drivers are required to wear Defendants' uniforms and photo identification at all times. *Id.*

4.  Defendants' policy, practice and procedure is to improperly classify drivers as independent contractors in violation of state and federal law and refuse to pay minimum wages and overtime in violation of state and federal law. Defendants' policy, practice and procedure is also to make deductions to drivers' compensation in violation of state and federal law.

5.  Plaintiffs were employed within the state of New York and therefore, Defendants' policies, practices and/or procedures with respect to the illegal classification of drivers as independent contractors and the subsequent denial of overtime and minimum wage benefits, coupled with the improper deductions to their compensation is in direct violation of the NYLL and the FLSA. Defendants employed numerous other similarly situated employees within the state of New York with similar job titles, duties and compensation structures who were similarly unlawfully denied minimum wage and overtime compensation and were further subjected to improper deductions in violation of the NYLL and the FLSA.

6.  Defendants further employed other similarly situated employees with similar job titles, duties and compensation structures who worked outside the state of New York and throughout the United States. Defendants' policies, practices and/or procedures with respect to the illegal classification of drivers as independent contractors and the subsequent denial of overtime and minimum wage benefits, as well as the improper deductions to their compensation, is in direct violation of the FLSA and applicable state law within the jurisdictions in which such individuals were employed.

7.  Plaintiffs, on behalf of themselves and all others similarly situated, bring claims on behalf of

themselves and two separate and distinct groups of putative class members:

a.  First, Plaintiffs bring their claims for the non-payment of minimum wages and overtime compensation pursuant to the FLSA on behalf of themselves and all other drivers or others with similar job titles, duties and compensation structures who worked for Defendants at any time within the preceding three-year period and were not paid for all hours worked at the applicable and legal rates set by federal law.  This claim is brought pursuant to the FLSA's collective action provisions as an "Opt-in class" pursuant to Section 16 of the Act.  The putative class members for whom this claim is brought shall be hereinafter referred to as the "FLSA Putative Class Members."

b.  Second, Plaintiffs bring their claims for the non-payment of minimum wages, straight time wages and overtime compensation and for the unlawful deduction of wages pursuant to the NYLL on behalf of themselves and all other drivers or others with similar job titles, duties and compensation structures who worked for Defendants at any time within the preceding six-year period and were not paid for all hours worked at the applicable and legal rates set by New York law, or suffered unlawful deductions in violation of the NYLL.  This claim is brought pursuant to FED. R. CIV. P. 23 as an "Opt-out class."   The putative class members for whom this claim is brought shall be hereinafter referred to as the "Rule 23 Putative Class Members."

c.  To the extent that other similarly situated employees join this litigation who worked in other states in which Defendants' uniform policies, practices and/or procedures are in violation of state law based upon the non-payment of overtime, straight time or minimum wages or for unlawful deductions in violation of state law, Plaintiffs

reserve the right to amend to add claims for violations of said state laws as applicable.

8. Defendants' policies, practices and/or procedures are in direct violation of the FLSA with respect to drivers or other individuals with similar job titles, duties and compensation structures who were employed by Defendants throughout the United States within the preceding three-year period.   Plaintiffs seek injunctive and declaratory relief, minimum wages, overtime premiums for all overtime work required, suffered, or permitted by Defendants; liquidated and/or other damages as permitted by law; and attorneys' fees, costs, and expenses incurred in this action.

9. Defendants' policies, practices and/or procedures are in direct violation of the NYLL with respect to drivers or other individuals with similar job titles, duties and compensation structures who were employed within the state of New York within the preceding six-year period.   Plaintiffs seek injunctive and declaratory relief, minimum wages, straight time compensation, overtime premiums for all overtime work required, suffered, or permitted by Defendants; all wrongfully withheld compensation deducted in violation of NYLL; liquidated and/or other damages as permitted by law; and attorneys' fees, costs, and expenses incurred in this action.

## PARTIES

10. Plaintiff Marckenzy Gisomme was employed as a Driver by Defendants from approximately November, 2011 through at least March 5, 2013, and worked out of Defendants' place of business located at 35 Powerhouse Road, Roslyn Heights, New York, 11577.   Plaintiff Gisomme's Consent to Join pursuant to 29 U.S.C. § 216(b) was attached to Plaintiffs' original Complaint filed on April 26, 2013.

11. Plaintiff Tremaine Springer was employed as a Driver by Defendants from approximately

December, 2011 through February 24, 2013, and worked out of Defendants' place of business located at 35 Powerhouse Road, Roslyn Heights, New York, 11577.  Plaintiff Springer's Consent to Join pursuant to 29 U.S.C. § 216(b) was attached to Plaintiffs' original Complaint filed on April 26, 2013.

12. Plaintiff Eduardo Aquino was employed as a Driver by Defendants from approximately March, 2011 through July, 2012, and worked out of Defendants' place of business located at 35 Powerhouse Road, Roslyn Heights, New York, 11577. Plaintiff Aquino's Consent to Join pursuant to 29 U.S.C. § 216(b) was attached to Plaintiffs' original Complaint filed on April 26, 2013.

13. The FLSA Putative Class Members are those current and former employees of Defendants who worked in the position of Driver or held similar job titles, duties and compensation structures as Plaintiffs throughout the United States, and who were illegally classified as independent contractors and were suffered or permitted to work by Defendants while not being paid all minimum and/or overtime compensation at the applicable and legal rates set forth within the FLSA.

14. The Rule 23 Putative Class Members are those current and former employees of Defendants who worked in the position of Driver or held similar job titles, duties and compensation structures as Plaintiffs within the state of New York, and who were illegally classified as independent contractors and were suffered or permitted to work by Defendants while not being paid all minimum, straight time and/or overtime compensation at the applicable and legal rates set forth within the NYLL or whose compensation was unlawfully deducted in violation of the NYLL.

15. Defendant, HealthEx Corp., is a Domestic Business Corporation doing business throughout the United States and within the state of New York with its principal executive office located at 35 Powerhouse Road, Roslyn Heights, New York, 11577. HealthEx Corp. has not identified a registered agent for its business and therefore, service will be obtained upon HealthEx Corp. through the ordinary processes set forth in Fed. R. Civ. P. 4(h).

16. At all relevant times, Defendant HealthEx Corp. was the employer of Plaintiffs, the FLSA Putative Class Members and the Rule 23 Putative Class Members. Therefore, Defendant HealthEx Corp. is liable to Plaintiffs, the FLSA Putative Class Members and the Rule 23 Putative Class Members as an employer, joint employer, single employer and/or otherwise according to statutory and common law.

17. Defendant, HealthEx Courier LLC, is a Domestic Limited Liability Company doing business throughout the United States and within the state of New York with its principal executive office located at 35 Powerhouse Road, Roslyn Heights, New York, 11577. HealthEx Courier LLC has not identified a registered agent for its business and therefore, service will be obtained upon HealthEx Corp. through the ordinary processes set forth in Fed. R. Civ. P. 4(h).

18. At all relevant times, Defendant HealthEx Courier LLC was the employer of Plaintiffs, the FLSA Putative Class Members and the Rule 23 Putative Class Members. Therefore, Defendant HealthEx Courier LLC is liable to Plaintiffs, the FLSA Putative Class Members and the Rule 23 Putative Class Members as an employer, joint employer, single employer and/or otherwise according to statutory and common law.

19. Defendant, Keith W. Kearney, is a New York resident and owner with significant managerial control over the operations, policies, practices and procedures of Defendants HealthEx Corp.

and/or HealthEx Courier LLC.  Service may be made upon Defendant Keith W. Kearney through the ordinary processes set forth in Fed. R. Civ. P. 4(e).

20. At all relevant times, Defendant Keith W. Kearney was the employer of Plaintiffs, the FLSA Putative Class Members and the Rule 23 Putative Class Members.  Therefore, Defendant Keith W. Kearney is liable to Plaintiffs, the FLSA Putative Class Members and the Rule 23 Putative Class Members as an employer, joint employer, single employer and/or otherwise according to statutory and common law.  In support of this allegation, Plaintiffs allege as follows:

    a. At all relevant times, Defendant Keith W. Kearney has been the owner of Defendants HealthEx Corp. and HealthEx Courier LLC.

    b. At all relevant times, Defendant Keith W. Kearney has had the power over personnel decisions for Defendants HealthEx Corp. and HealthEx Courier LLC, including the power to hire and fire employees, set their wages and otherwise control the terms and conditions of their employment.

    c. At all relevant times, Defendant Keith W. Kearney has had the power over payroll decisions of Defendants HealthEx Corp. and HealthEx Courier LLC, including the power to retain time and/or wage records.

    d. At all relevant times, Defendant Keith W. Kearney has been actively involved in the day-to-day operations of Defendants HealthEx Corp. and HealthEx Courier LLC.

    e. At all relevant times, Defendant Keith W. Kearney has had the power to stop any illegal pay practices that may harm Plaintiffs and similarly situated employees.

    f. At all relevant times, Defendant Keith W. Kearney has had the power to transfer assets and/or liabilities of Defendants HealthEx Corp. and HealthEx Courier LLC.

g.  At all relevant times, Defendant Keith W. Kearney has had the power to declare bankruptcy on behalf of Defendants HealthEx Corp. and HealthEx Courier LLC.

h.  At all relevant times, Defendant Keith W. Kearney has had the power to enter into contracts on behalf of Defendants HealthEx Corp. and HealthEx Courier LLC.

21. At all relevant times, Defendants have been covered employers within the meaning of the FLSA and the NYLL and employed and/or jointly employed Plaintiffs and similarly situated employees.

## JURISDICTION AND VENUE

22. The FLSA authorizes court actions by private parties to recover damages for violation of the FLSA's wage and hour provisions.  Jurisdiction over Plaintiffs' FLSA claims are based upon 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

23. This Court has original federal question jurisdiction over the claims in this case pursuant to 28 U.S.C. § 1331 for the claims brought under the FLSA, 29 U.S.C. § 201, *et seq*.

24. This Court has jurisdiction over Plaintiffs' claims for violation of the New York Labor Laws, pursuant to 28 U.S.C. § 1367 because the state statutory claims are so related to the FLSA claims that they form part of the same case or controversy.

25. This Court has personal jurisdiction over Defendants because Defendants are located and conduct business within this Judicial District.

26. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), inasmuch as the Defendants have offices, conduct business, and can be found in this Judicial District, and the causes of action set forth herein have arisen and occurred in substantial part within this Judicial District.

27. Venue is also proper because Defendants have substantial business contacts within the State

of New York.

28. At all relevant times, Defendants have been "employer[s]" within the meaning of the FLSA and the NYLL.

29. At all relevant times, Defendants have employed "employee[s]," including the FLSA Putative Class Members and the Rule 23 Putative Class Members.

30. At all relevant times, Plaintiffs and other putative plaintiffs were engaged in commerce and/or worked for Defendants, which are enterprises engaged in commerce.

31. At all times relevant herein, Defendants have had gross annual operating revenues in excess of $500,000.00 (Five Hundred Thousand Dollars).

## COLLECTIVE AND CLASS ACTION ALLEGATIONS

32. Plaintiffs hereby incorporate the foregoing paragraphs as if fully set forth herein.

33. Plaintiffs and the putative class members held the position of Driver or other positions with similar job titles, duties, and compensation structures.

34. As Drivers, Plaintiffs, the FLSA Putative Class Members, and the Rule 23 Putative Class Members were improperly misclassified as independent contractors and denied minimum wage, straight time, and overtime compensation in violation of the FLSA and NYLL.

35. Plaintiffs and other similarly situated Drivers regularly performed work in excess of forty (40) hours per week without receiving minimum wages, straight time and overtime compensation in violations of the FLSA and the NYLL.  Plaintiffs estimate that Drivers regularly worked a similar number of hours each week as the Named Plaintiffs.  Plaintiff Gisomme estimates that he worked an average of 50 hours each week and regularly worked 6-7 days per week.  Plaintiff Springer estimates that he worked an average of 50 hours each week and regularly worked 6 days per week.  Plaintiff Aquino estimates that he worked an

average of 53 hours each week and regularly worked 6 days per week.

36. Plaintiffs and other similarly situated Drivers regularly incurred significant amounts of work-related expenses that reduced the effective regular rate that they earned.  Often times, these work-related expenses would push their regular rate below minimum wage.

37. Plaintiff Gisomme estimates that he regularly incurred weekly expenses averaging between $325 and $550 in work-related expenses, including but not limited to vehicle maintenance, gasoline, HealthEx's scanner and insurance on HealthEx's deliveries.  Plaintiff Gisomme estimates that he earned an average of $685 per week and therefore, his weekly net income averaged between $135 and $360.  Thus, his regular rate averaged between $2.70 and $7.20 per hour.  Based on Plaintiff Gisomme's route and other factors, his weekly net income would fluctuate, resulting in his regular rate falling both above and below the applicable minimum wage rate.

38. Plaintiff Springer estimates that he regularly incurred weekly expenses averaging between $325 and $550 in work-related expenses, including but not limited to vehicle maintenance, gasoline, HealthEx's scanner and insurance on HealthEx's deliveries.  Plaintiff Springer estimates that he earned an average of $840 per week and therefore, his weekly net income averaged between $290 and $515.  Thus, his regular rate averaged between $5.80 and $10.30 per hour.  Based on Plaintiff Springer's route and other factors, his weekly net income would fluctuate, resulting in his regular rate falling both above and below the applicable minimum wage rate.

39. Plaintiff Aquino estimates that he regularly incurred weekly expenses averaging between $325 and $550 in work-related expenses, including but not limited to vehicle maintenance, gasoline, HealthEx's scanner and insurance on HealthEx's deliveries.  Plaintiff Aquino

11

estimates that he earned an average of $955 per week and therefore, his weekly net income averaged between $405 and $630.  Thus, his regular rate averaged between $7.64 and $11.89 per hour.  Based on Plaintiff Aquino's route and other factors, his weekly net income would fluctuate, resulting in his regular rate falling both above and below the applicable minimum wage rate.

40. Plaintiffs FLSA claims challenge Defendants' classification of the Plaintiffs and the FLSA Putative Class Members as independent contractors and seek recovery of all unpaid minimum wages and overtime compensation wrongfully withheld in violation of the FLSA, together with an award of all attorneys' fees, costs, and expenses incurred in this action. Plaintiffs bring this action on behalf of themselves and all others similarly situated as an "opt-in" collective action pursuant to the FLSA Section 16(b), 29 U.S.C. §216(b).

41. The FLSA claims may be pursued by those Drivers, or other persons with similar job titles, duties and compensation structures, employed by Defendants who opt-in to this case pursuant to 29 U.S.C. § 216(b).

42. Plaintiffs NYLL claims challenge Defendants' classification of the Plaintiffs and the Rule 23 Putative Class Members as independent contractors and seek recovery of all unpaid minimum wages, straight time, overtime compensation, wrongfully deducted compensation, and statutory damages for ongoing violations of the NYLL's notice requirements all in violation of the NYLL, together with an award of all attorneys' fees, costs, and expenses incurred in this action.  Plaintiffs bring this action on behalf of themselves and all others similarly situated as an "opt-out" class action pursuant to FED. R. CIV. P. 23.

43. The NYLL claims may be pursued by those Drivers employed by Defendants, or other persons with similar job titles, duties and compensation structures, who do not opt-out of this

case pursuant to FED. R. CIV. P. 23.

44. At all relevant times, Plaintiffs, the FLSA Putative Class Members, and the Rule 23 Putative Class Members were employees of the Defendants under state and federal law.

45. At all relevant times, Plaintiffs, the FLSA Putative Class Members, and the Rule 23 Putative Class Members were directed by Defendants regarding when to arrive at pharmacies to pick up deliveries.

46. At all relevant times, Defendants tracked the Plaintiffs', the FLSA Putative Class Members', and the Rule 23 Putative Class Members' locations with handheld scanners carried by each Driver or others with similar job titles, duties and compensation structures.

47. At all relevant times, Plaintiffs, the FLSA Putative Class Members, and the Rule 23 Putative Class Members were required to return all undelivered items at the end of each route back at Defendants' place of business.

48. At all relevant times, Plaintiffs, the FLSA Putative Class Members, and the Rule 23 Putative Class Members did not have any opportunity for profit or loss and were paid a flat-fee "per route" by the Defendants.  If Defendants were to have lost a customer, FLSA Putative Class Members, and the Rule 23 Putative Class Members would have been placed on another route.

49. At all relevant times, Plaintiffs, the FLSA Putative Class Members, and the Rule 23 Putative Class Members did not have any investment in the Defendants' business.

50. At all relevant times, Plaintiffs, the FLSA Putative Class Members, and the Rule 23 Putative Class Members, as Drivers or others with similar job titles, duties and compensation structures, were neither required to possess, nor did they possess, any specialized skills to perform the tasks required by the Defendants.

51. At all relevant times, Plaintiffs', the FLSA Putative Class Members', and the Rule 23

Putative Class Members' work on behalf of Defendants is an integral part of the Defendants' business operation.

52. At all relevant times, Plaintiffs, the FLSA Putative Class Members, and the Rule 23 Putative Class Members received training from Defendants regarding the performance of work on behalf of Defendants.

53. Plaintiffs bring Count I – Drivers' FLSA Claim as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b). Plaintiffs, on behalf of themselves and all other similarly situated Drivers or others with similar job titles, duties and compensation structures, seek relief on a collective basis challenging Defendants' policies, practices and/or procedures of improperly classifying Drivers as Independent Contractors and failing and refusing to pay all minimum wages and overtime compensation at the applicable and legal rates in violation of the FLSA. The FLSA Putative Class Members pursuant to Count I are therefore defined as:

> All current and former Drivers, and others with similar job titles, duties and compensation structures, who have worked at any time within the preceding three year period for the Defendant and who were denied minimum wages and/or overtime compensation in violation of the FLSA.

54. Plaintiffs bring Count II – Drivers' NYLL Minimum Wage & Overtime Claims as a class action against Defendants pursuant to Rule 23 of the Federal Rules of Civil Procedure. Plaintiffs, on behalf of themselves and other similarly situated employees, seek relief on a class basis challenging Defendants' policies, practices and/or procedures of improperly classifying Drivers as Independent Contractors and failing and refusing to pay all minimum wages, straight time, and overtime compensation at the applicable and legal rates in violation of the NYLL. The Rule 23 Putative Class Members pursuant to Count II are therefore defined as:

> All current and former Drivers, and others with similar job titles, duties and compensation structures, who have worked at any time within the preceding six-year period for the Defendant and who were denied minimum wages, straight time, and/or overtime compensation in violation of the NYLL.

55. Plaintiffs bring Count III – Drivers' NYLL Deductions Claims as a class action against Defendants pursuant to Rule 23 of the Federal Rules of Civil Procedure. Plaintiffs, on behalf of themselves and other similarly situated employees, seek relief on a class basis challenging Defendants' policies, practices and/or procedures of improperly deducting from Drivers' compensation in violation of the NYLL. The Rule 23 Putative Class Members pursuant to Count III are therefore defined as:

> All current and former Drivers, and others with similar job titles, duties and compensation structures, who have worked at any time within the preceding six-year period for the Defendant and whose compensation was unlawfully deducted in violation of the NYLL.

56. Plaintiffs bring Count IV – Drivers' NYLL Statutory Notice Claims as a class action against Defendants pursuant to Rule 23 of the Federal Rules of Civil Procedure. Plaintiffs, on behalf of themselves and other similarly situated employees, seek relief on a class basis challenging Defendants' policies, practices and/or procedures of failing to provide the notices required by Section 195 in violation of the NYLL. The Rule 23 Putative Class Members pursuant to Count IV are therefore defined as:

> All current and former Drivers, and others with similar job titles, duties and compensation structures, who have worked at any time within the preceding six-year period for the Defendant and who were not provided with notices as required by NYLL §§ 195(1) & (3).

57. Plaintiffs' state law claims against Defendants satisfy the numerosity, commonality, typicality, adequacy, and superiority requirements of a class action.

58. The class satisfies the numerosity standards, as it is believed to be in excess of 100

individuals. As a result, joinder of all Rule 23 Putative Class Members in a single action is impracticable. Rule 23 Putative Class Members may be informed of the pendency of this class action through direct mail.

59. There are questions of fact and law common to the class predominating over any questions affecting individual Rule 23 Putative Class Members. The questions of law and fact common to the class arising from Defendants' actions include, without limitation, the following:

a. Whether Defendants had a policy, practice, and/or custom of illegally classifying the Rule 23 Putative Class Members, and others with similar job titles, duties, and compensation structures, as independent contractors in violation of state and/or federal law;

b. Whether Defendants had a policy, practice, and/or custom of failing to pay Rule 23 Putative Class Members all wages due to them;

c. Whether Defendants' compensation policies and practices properly accounted for the time Rule 23 Putative Class Members were working;

d. Whether Defendants' withholding of straight time and overtime compensation from Rule 23 Putative Class Members was lawful under the NYLL and its implementing regulations;

e. Whether Defendants deducted compensation from Rule 23 Putative Class Members' pay in violation of the NYLL;

f. Whether Defendants failed to provide the notifications required by NYLL §§ 195(1) & (3) in violation of the NYLL to the Rule 23 Putative Class Members';

g. The classwide measure of damages;

h. Whether Defendants knew or had reason to know such policies and compensation practices were unlawful; and

i. Whether Defendants retained a benefit for such unlawful policies and compensation practices.

60. The aforementioned common questions predominate over any questions affecting individual persons, and a class action is proper as it relates to consistency, economy, efficiency, fairness, and equity.

61. The claims of the Representative Plaintiffs are typical of those of the Class in that the Rule 23 Putative Class Members have been employed in the same or similar positions as the Representative Plaintiffs and were subject to the same or similar unlawful practices as the Rule 23 Putative Class Members.

62. A class action is the appropriate method for the fair and efficient adjudication of this controversy.  Defendants have acted or refused to act on grounds generally applicable to the class.  The presentation of separate actions by individual class members could create a risk of inconsistent and varying results, establish incompatible standards of conduct for Defendants, and/or substantially impair or impede the ability of class members to protect their interests.

63. The Class Representatives are adequate representatives of the class because their interests do not conflict with the interests of the Rule 23 Putative Class Members they seek to represent. The interests of the Rule 23 Putative Class Members will be fairly and adequately protected by the Class Representatives and their undersigned counsel, who have experience in employment and class action lawsuits.

64. Maintenance of this action as a class action is a fair and efficient method to resolve this controversy.  It would be impracticable and undesirable for each of the Rule 23 Putative

Class Members who suffered harm to bring separate actions.  Furthermore, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine the rights of all class members in conformity with the interest of efficiency and judicial economy.

65. The number, identity and contact information of the members of the FLSA Putative Class Members and the Rule 23 Putative Class Members may be determined from Defendants' records.  The FLSA Putative Class Members and the Rule 23 Putative Class Members may be easily and quickly notified of the pendency of this action.

66. The names and addresses of the FLSA Putative Class Members and the Rule 23 Putative Class Members are available from Defendants.  To the extent required by law, notice will be provided to said individuals via First Class Mail and/or by the use of techniques and a form of notice similar to those customarily used in representative actions.

67. Defendants have failed to compensate Plaintiffs and the FLSA Putative Class Members with all minimum wages and overtime compensation at the applicable and legal rates set by the FLSA and therefore, Defendants have violated, and continue to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 206 & 207.

68. The foregoing conduct, as alleged herein, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).  Defendants' conduct was willful in that they knew that their payroll policies, practices and/or procedures were in violation of the FLSA or they showed reckless disregard as to whether such policies, practices and/or procedures were in violation of the Act.

69. Defendants have failed to compensate Plaintiff and the Rule 23 Putative Class Members with all minimum wages, straight time and overtime compensation at the applicable and legal

18

rates set by the FLSA and therefore, Defendants have violated, and continue to violate the NYLL §§ 650 *et seq.*, and supporting New York State Department of Labor Regulations 12 N.Y.C.R.R. Part 142.  Further, Defendants failed to provide the required notifications pursuant to NYLL §§ 195(1) & (3) and therefore violated, and continue to violate the NYLL §§ 650 *et seq.*, and supporting New York State Department of Labor Regulations 12 N.Y.C.R.R. Part 142.

70. The foregoing conduct, as alleged herein, was willful and without a good faith basis to believe that their conduct was in compliance with the law within the meaning of the NYLL.

## COUNT I – DRIVER'S FLSA CLAIM

71. Plaintiffs hereby incorporate the foregoing paragraphs as if fully set forth herein.

72. Plaintiff Marckenzy Gisomme was employed by the Defendants as a Driver within the three-year period preceding the filing of this lawsuit.

73. Plaintiff Tremaine Springer was employed by the Defendants as a Driver within the three-year period preceding the filing of this lawsuit.

74. Plaintiff Eduardo Aquino was employed by the Defendants as a driver within the three-year period preceding the filing of this lawsuit.

75. At all relevant times, Defendants employed numerous other Drivers throughout the United States, or others with similar job titles, duties and compensation structures, who were classified as independent contractors and denied, minimum wages and overtime premiums at the applicable and legal rates as set forth by the FLSA.

76. At all relevant times, Plaintiffs and the FLSA Putative Class Members regularly worked hours without receiving the requisite minimum wages pursuant to the FLSA.

77. At all relevant times, Plaintiffs and the FLSA Putative Class Members regularly worked in

excess of forty hours in a workweek without receiving overtime compensation at the rate of one and one-half times their regular rate for hours worked, on behalf of Defendants, in excess of forty hours in a workweek in violation of the FLSA.

78. Plaintiffs and the FLSA Putative Class Members are similarly situated, have substantially similar job titles, duties, job requirements, and compensation structures and are/were subject to Defendants' common policies, practices and/or procedures of failing and refusing to pay all minimum wages and overtime compensation in violation of the FLSA.

79. At all relevant times, Plaintiffs and the FLSA Putative Class Members were "employees" within the meaning of the FLSA and were improperly classified as independent contractors in violation of state and federal law.

80. At all relevant times, Plaintiffs and the FLSA Putative Class Members, were engaged in interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. § 203.

81. At all relevant times, Defendants have been, and continue to be, "employer[s]" engaged in interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. § 203.  Upon information and belief, at all relevant times, Defendants have employed, and/or continue to employ, "employee[s]," including each of the putative members of the FLSA representative action.   At all times relevant herein, Defendants have had gross operating revenues in excess of $500,000.00 (Five Hundred Thousand Dollars).

82. Defendants are subject to the minimum wage and overtime requirements of the FLSA because Defendants are an enterprise engaged in interstate commerce and their employees are engaged in commerce.

83. The FLSA requires each non-exempt covered employee, such as Plaintiffs and the FLSA Putative Class Members, to be compensated with minimum wages and overtime compensation at a rate of not less than one and one-half the regular rate of pay for work performed in excess of forty hours in a workweek.

84. The FLSA requires each covered employer, such as the Defendants, to compensate all non-exempt employees at minimum wages and overtime compensation at a rate of not less than one and one-half the regular rate of pay for work performed in excess of forty hours in a workweek.

85. Plaintiffs and the FLSA Putative Class Members are properly classified as employees who are not exempt from the right to receive minimum wages and overtime pay under the FLSA and are not exempt from the requirement that their employer pay them minimum wages and overtime compensation under the FLSA.  Plaintiffs and the FLSA Putative Class Members are entitled to be paid minimum wages and overtime compensation for all overtime hours worked.

86. At all relevant times, Defendants have had a policy and practice of failing and refusing to pay minimum wages and overtime pay to their Drivers, and others with similar job titles, duties and compensation structures, at a rate of not less than one and one-half the regular rate of pay for work performed in excess of forty hours in a work week.  Therefore, Defendants have violated, and continue to violate, the FLSA, 29 U.S.C. § 201, *et seq.,* including 29 U.S.C. §§ 206 & 207(a)(1).

87. The foregoing conduct, as alleged herein, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

88. Plaintiffs, on behalf of themselves and all similarly situated employees of Defendants, seek damages in the amount of all unpaid minimum wages and overtime compensations at a rate of one and one-half times the regular rate of pay for work performed in excess of forty hours in a work week, plus liquidated damages, as provided by the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

89. Plaintiffs, on behalf of themselves and all similarly situated employees of Defendants, seek recovery of all attorneys' fees, costs, and expenses of this action, to be paid by Defendants, as provided by the FLSA, 29 U.S.C. § 216(b).

**WHEREFORE,** Plaintiffs and all similarly situated employees demand judgment against Defendants pursuant to the Fair Labor Standards Act and pray for the following relief:

a) Designation of this action as a collective action on behalf of the proposed members of the FLSA representative action and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated FLSA Putative Class Members, apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

b) Designation of Plaintiffs Marckenzy Gisomme, Tremaine Springer and Eduardo Aquino as the Representative Plaintiffs of for the FLSA Putative Class Members;

c) Designation of Plaintiffs' counsel, Michael J. Redenburg, Esq. P.C and Osman & Smay as Class Counsel of the FLSA Putative Class Members;

d) An award of damages for minimum wages and overtime compensation due for the Plaintiffs and the FLSA Putative Class Members, including liquidated damages, to be paid by Defendants;

e)  Costs and Expenses of this action incurred herein, in addition to reasonable attorneys' fees and costs;

f)  Pre-judgment and post-judgment interest, as provided by law; and

g)  Any and all such other further legal and equitable relief as this Court deems necessary, just and proper.

## COUNT II – NYLL MINIMUM WAGE & OVERTIME CLAIM

90. Plaintiffs hereby incorporate the foregoing paragraphs as if fully set forth herein.

91. At all relevant times, Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL.

92. At all relevant times, Plaintiffs and the Rule 23 Putative Class Members have been employees and the Defendants have been employers and/or joint employers within the meaning of the NYLL.

93. At all relevant times, the minimum and overtime wage provisions of Article 19 of the NYLL and its supporting regulations have applied, and continue to apply, to Defendants and protect Plaintiffs and the Rule 23 Putative Class Members.

94. Plaintiffs and the Rule 23 Putative Class Members were regularly suffered and/or permitted to work by Defendants without receiving minimum wages for all hours worked and straight time and overtime compensation for hours worked in excess of forty hours in a workweek pursuant to the NYLL.

95. By Defendants' failure to pay the Rule 23 Putative Class Members all minimum wages, straight time, and overtime wages for hours worked in excess of forty (40) hours per week, they have violated NYLL §§ 650 *et seq.*, and supporting New York State Department of Labor Regulations in 12 N.Y.C.R.R. Part 142.

96. Due to Defendants' violations of the NYLL, the Rule 23 Putative Class Members are entitled to recover from Defendants their unpaid minimum wages, straight time, and overtime compensation, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

   **WHEREFORE**, Plaintiffs, individually and on behalf of the Rule 23 Putative Class Members, pray for the following relief:

   a. An Order that Count II of the action may be maintained as a class action pursuant to FED. R. CIV. P. 23;

   b. Designation of the Plaintiffs, Marckenzy Gisomme, Tremaine Springer and Eduardo Aquino as the representatives of the Rule 23 Putative Class Members, and their counsel of record as Class Counsel;

   c. Issuance of a declaratory judgment that the practices complained of in this Class Action Complaint are unlawful under the NYLL and the supporting New York State Department of Labor Regulations;

   d. Unpaid minimum wages, straight time and overtime pay, liquidated damages, pre-judgment interest, post-judgment interest, reasonable attorneys' fees and costs of this action;

   e. An injunction that requires Defendants to pay all statutorily required wages pursuant to the NYLL; and

   f. Such other relief as this Court shall deem just and proper.

### COUNT III – NYLL DEDUCTIONS CLAIM

97. Plaintiffs hereby incorporate the foregoing paragraphs as if fully set forth herein.

98. Plaintiffs and the Rule 23 Putative Class Members are employees within the meaning of the

NYLL.

99. Defendants are employers of Plaintiffs and the Rule 23 Putative Class Members within the meaning of the NYLL.

100.    At all relevant times, Defendants have had policies, practices and/or procedures of failing and refusing to pay Plaintiffs and the Rule 23 Putative Class Members for all work performed by unlawfully deducting their earned compensation in violation of the NYLL § 193.

101.    At all relevant times, Defendants have had policies, practices and/or procedures of deducting the Plaintiffs and the Rule 23 Putative Class Members for fees incurred related to the processing of their payroll, use of Defendants' scanners and other deductions for uniforms and other such deductions which do not accrue to the Plaintiffs and the Rule 23 Putative Class Members' benefit.

102.    At all relevant times, Defendants neither obtained written authorization for such deductions, nor did Defendants ensure that such deductions were in compliance with the NYLL.

103.    Defendants' policies, practices and/or procedures regarding deductions is in direct violation of the NYLL § 193.  Therefore, Defendants have violated, and continue to violate the NYLL.

104.    Due to Defendants' continued violations of the NYLL, Plaintiffs and the Rule 23 Putative Class Members are entitled to recover from Defendants all wrongfully deducted wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

**WHEREFORE**, Plaintiffs, individually and on behalf of the Rule 23 Putative Class Members,

pray for the following relief:

    a.  An Order that Count III of the action may be maintained as a class action pursuant to FED. R. CIV. P. 23;

    b.  Designation of the Plaintiffs, Marckenzy Gisomme, Tremaine Springer and Eduardo Aquino as the representatives of the Rule 23 Putative Class Members, and their counsel of record as Class Counsel;

    c.  Issuance of a declaratory judgment that the practices, complained of in this Class Action Complaint, are unlawful under the NYLL and the supporting New York State Department of Labor Regulations;

    d.  An award of damages in the amount of all wrongfully deducted wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest;

    e.  An injunction that requires Defendants to pay all statutorily required damages pursuant to the NYLL; and

    f.  Such other relief as this Court shall deem just and proper.

## COUNT IV – NYLL STATUTORY NOTICE CLAIM

105.   Plaintiffs hereby incorporate the foregoing paragraphs as if fully set forth herein.

106.   Defendants are required by the NYLL to provide to the Plaintiffs and the Rule 23 Putative Class Members written notice at the time of hiring and on or before February first of each subsequent year as set forth by § 195 1(a) of the NYLL.

107.   Defendants' policies, practices and/or procedures are to fail and refuse to provide the notice required by § 195 1(a) to Plaintiffs and the Rule 23 Putative Class Members who are employees pursuant to the NYLL.  Such policies, practices and/or procedures are in direct

violation of the NYLL.

108.    Pursuant to NYLL § 198 1-b, an employer who fails to provide the notice required by NYLL § 195 1(a) to its employees shall be liable in the amount of fifty ($50.00) dollars to each employee not provided such notice for each week that the violations occurred or continue to occur, but not to exceed a total of two thousand five hundred ($2,500.00) dollars, together with costs and reasonable attorney's fees.

109.    Defendants are further required by the NYLL to provide to the Plaintiffs and the Rule 23 Putative Class Members a statement with every payment of wages in compliance with NYLL § 195 3.

110.    Defendants' policies, practices and/or procedures are to fail and refuse to provide the statement required by § 195 3 to Plaintiffs and the Rule 23 Putative Class Members who are employees pursuant to the NYLL.  Such policies, practices and/or procedures are in direct violation of the NYLL.

111.    Pursuant to NYLL § 198 1-d, an employer who fails to provide the statement required by NYLL § 195 3 to its employees shall be liable in the amount of one hundred ($100.00) dollars to each employee not provided such notice for each week that the violations occurred or continue to occur, but not to exceed a total of two thousand five hundred ($2,500.00) dollars, together with costs and reasonable attorney's fees.

112.    By Defendants' failure to provide the statutory notifications and statements required by NYLL § 195 to the Plaintiffs and the Rule 23 Putative Class Members, Defendants have violated NYLL §§ 650 *et seq.*, and supporting New York State Department of Labor Regulations in 12 N.Y.C.R.R. Part 142.

113.    Due to Defendants' violations of the NYLL, Plaintiffs and the Rule 23 Putative Class Members are entitled to recover from Defendants the statutory damages set forth in NYLL §§ 198 1-b & 1-d, together with costs and reasonable attorneys' fees.

**WHEREFORE**, Plaintiffs, individually and on behalf of the Rule 23 Putative Class Members, pray for the following relief:

a.  An Order that Count III of the action may be maintained as a class action pursuant to FED. R. CIV. P. 23;

b.  Designation of the Plaintiffs, Marckenzy Gisomme, Tremaine Springer and Eduardo Aquino as the representatives of the Rule 23 Putative Class Members, and their counsel of record as Class Counsel;

c.  Issuance of a declaratory judgment that the practices, complained of in this Class Action Complaint, are unlawful under the NYLL and the supporting New York State Department of Labor Regulations;

d.  Statutory damages set forth in NYLL §§ 198 1-b & 1-d, together with costs and reasonable attorneys' fees for Defendants continuing violation of NYLL § 195;

e.  An injunction that requires Defendants to pay all statutorily required damages pursuant to the NYLL; and

f.  Such other relief as this Court shall deem just and proper.

<u>**DEMAND FOR JURY TRIAL**</u>

Plaintiffs hereby request a trial by jury of all issues triable by jury.

Dated: July 8, 2013
      New York, NY

    __/s/ Michael J. Redenburg_____
Michael J. Redenburg (NY #MR4662)
MICHAEL J. REDENBURG, ESQ. PC
150 Broadway, Suite 808
New York, NY 10038
1-212-240-9465 (Phone)
1-917-591-1667 (Fax)


s/Matthew E. Osman
Matthew E. Osman
*Admitted Pro-hac Vice*
OSMAN & SMAY LLP
7930 Santa Fe Dr., Suite 100
Overland Park, KS 66204
1-913-667-9243 (Phone)
1-866-470-9243 (Fax)
**ATTORNEYS FOR PLAINTIFF**