UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| MARCKENZY GISOMME, TREMAINE SPRINGER AND EDUARDO AQUINO On behalf of themselves And all others similarly situated,<br><br>    Plaintiffs,<br><br>  -against-<br><br>HEALTHEX CORP., HEALTHEX COURIER LLC AND KEITH W. KEARNEY,<br><br>    Defendants. | Civil Action No. 13-CV-02541 (LDW) (WDW) |

---

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT

---

John T. Bauer
William H. Ng
LITTLER MENDELSON
 A Professional Corporation
Attorneys for Plaintiff
290 Broadhollow Road, Suite 305
Melville, New York 11747
(631) 247-4700

Attorneys for Defendants

TABLE OF CONTENTS

PAGE

I.  PRELIMINARY STATEMENT ................................................................. 1

    A.  Procedural Background.............................................................. 1

    B.  Basis for Motion to Dismiss ...................................................... 2

II.  FACTS ALLEGED IN THE AMENDED COMPLAINT ................................ 3

III.  ARGUMENT ......................................................................................... 6

    A.  Motion to Dismiss Standard....................................................... 6

    B.  Plaintiffs Fail To Allege Facts Sufficient Raise A Plausible Inference Of
        An FLSA Overtime Violation...................................................... 6

        1.  Second Circuit's Pleading Standards for FLSA Overtime Claims ............ 6

            a.  Plaintiffs Fail To Identify Any Particular Workweek In
                Which They Worked Uncompensated Time For More Than
                40 Hours............................................................................ 8

            b.  Plaintiffs' Allegations That They Were Not Paid For
                Overtime Hours Worked Is Insufficient To Raise A
                Plausible Inference Of An FLSA Overtime Violation.................. 9

    C.  Plaintiffs Fail to Allege Facts Sufficient To Raise A Plausible Inference
        Of An FLSA Minimum Wage Violation ...................................... 11

    D.  Plaintiffs Fail to Allege Facts Sufficient To Establish The Existence Of An
        Employment Relationship With Any Of The Defendants ................... 12

        1.  Plaintiffs Fail To Allege That The Corporate Defendants Were
            Their Employers Under The FLSA........................................... 12

        2.  Plaintiffs Fail to Plausibly Plead That Defendant Kearney Was
            Their "Employer" Under The FLSA........................................ 14

    E.  Plaintiffs' Remaining State Law Claims Should Be Dismissed, Or,
        Alternatively, This Court Should Decline To Exercise Supplemental
        Jurisdiction Over Plaintiffs' State Law Claims ................................ 16

IV.  CONCLUSION........................................................................................ 18

i.

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009)........................................................................6, 16

*Bell Atlantic v. Twombly,*
    550 U.S. 544 (2007)........................................................................6, 16

*Boutros v. JTC Painting & Decorating Corp.,*
    2013 U.S. Dist. LEXIS 86878 (S.D.N.Y. June 19, 2013)....................................7, 8

*Bravo v. Eastpoint Int'l, Inc.,*
    No. 99-CV-9474 (WK), 2001 U.S. Dist. LEXIS 3647 (S.D.N.Y. Mar. 30, 2001)..................15

*Cavallaro v. UMass Memorial Healthcare, Inc.,*
    678 F.3d 1 (1st Cir. April 18, 2012) ................................................................14

*Cromwell v. N.Y. City Health and Hosps. Corp. et al.,*
    2013 U.S. Dist. LEXIS 69414 (E.D.N.Y. May 15, 2013) ....................................7, 8

*DeJesus v. HF Mgmt. Servs,*
    2013 U.S. App. LEXIS 16105 (2d Cir. Aug. 5, 2013).................................... passim

*Desilva v. N. Shore-Long Island Jewish Health Sys., Inc.,*
    770 F. Supp 2d. 497 (E.D.N.Y. 2011) ................................................................6, 9

*Diaz v. Consortium for Workers Educ.,*
    No. 10 Civ. 01848 (LAP), 2010 U.S. Dist. LEXIS 107722 (S.D.N.Y. Sept. 28, 2010)..........14

*Herman v. RSR Sec. Servs. Ltd.,*
    172 F.3d 132 (2d Cir. 1999)........................................................................13

*Irizzary v. Catsimatidis,*
    722 F.3d 99 (2d Cir. 2013)........................................................................14

*James v. Countrywide Fin. Corp.,*
    849 F. Supp. 2d 296 (E.D.N.Y. 2012) ................................................................9

*Klein & Co. Futures, Inc. v. Bd. of Trade of the City of New York,*
    464 F.3d 255 (2d Cir. 2006)........................................................................17

*Kolari v. New York-Presbyterian Hosp.,*
    455 F.3d 118 (2d Cir. 2006)........................................................................17

*Lundy v. Catholic Health Sys. of Long Island Inc.,*
    711 F.3d 106 (2d Cir. 2013)........................................................................2, 6, 7, 8

*Nakahata v. New York-Presbyterian Healthcare Sys.,*
    2013 U.S. App. LEXIS 14128 (2d Cir. July 11, 2013) .....................................2, 7, 9

*Nakahata v. New York-Presbyterian Healthcare Sys., Inc.,*
    2012 U.S. Dist. LEXIS 127824 (S.D.N.Y. Sept. 6, 2012) .........................................15

*Nakahata v. New York-Presbyterian Healthcare Sys.,*
    Nos. 10 Civ. 2661, 10 Civ. 2662, 10 Civ. 2683, 10 Civ. 3247 (PAC), 2011 U.S. Dist.
    LEXIS 8585 (S.D.N.Y. Jan. 28, 2011) .................................................................14

*Spiteri v. Russo,*
    2013 U.S. 128379 (E.D.N.Y. Sept. 7, 2013) ........................................................10

*Tracy v. NVR, Inc.,*
    667 F. Supp. 2d 244 (W.D.N.Y. Nov. 5, 2009) ....................................................15

*Tracy v. NVR, Inc.,*
    No. 04-CV-6541L, 2009 U.S. Dist. LEXIS 90778 (W.D.N.Y. Sept. 30, 2009).....................16

*Wolman v. Catholic Health Sys. of Long Island, Inc.,*
    853 F. Supp. 2d 290 (E.D.N.Y. 2012) ...........................................................12, 13

*Zheng v. Liberty Apparel Co.,*
    355 F.3d 61 (2d Cir. 2003)........................................................................14

*Zhong v. August August Corp.,*
    498 F. Supp. 3d 625 ...............................................................................11

**STATUTES**

28 U.S.C. § 1367(c)(3)................................................................................17

29 U.S.C. § 203(d)................................................................................12, 13

29 U.S.C. § 206......................................................................................11

29 U.S.C. § 207(a)(1)................................................................................12

New York Labor Law ..................................................................................16

**OTHER AUTHORITIES**

Fed. R. Civ. P. 12(b)(6)............................................................................2, 6

## I.  PRELIMINARY STATEMENT

### A.  Procedural Background

On April 26, 2013, Plaintiffs Marckenzy Gisomme, Tremaine Springer and Eduardo Aquino (collectively, "Plaintiffs") filed a Class and Collective Action Complaint ("Complaint") on behalf of themselves and all others similarly situated, pursuant to the Fair Labor Standards Act ("FLSA") and New York Labor Laws ("NYLL"), alleging that defendants HealthEx Corp., HealthEx Courier LLC and Keith W. Kearney (collectively, "Defendants") misclassified them as independent contractors and denied them minimum wage, straight time and overtime compensation.  Plaintiffs also alleged that because they were misclassified as independent contractors, Defendants made improper deductions from their compensation and failed to provide them certain statutory notifications in violation of the NYLL.

On June 18, 2013, Defendants filed a letter with the Court requesting a pre-motion conference to address their proposed motion to dismiss the Complaint on the grounds that Plaintiffs' boilerplate Complaint failed to state a claim upon which relief could be granted.  *See* Docket Entry ("Dkt. Entry") No. 15.  On June 25, 2013, Plaintiffs filed a response letter indicating that they were continuing to "work on the amendment to the Complaint" and were hoping to "resolve issues raised by Defendants" by filing an Amended Complaint.  *See* Dkt. Entry No. 16.

On July 8, 2013, Plaintiffs filed an Amended Class & Collective Action Complaint ("Amended Complaint").  *See* Dkt. Entry No. 17.  On July 22, 2013, Defendants renewed their request for a pre-motion conference to address their proposed motion to dismiss the Amended Complaint based on Plaintiffs' failure to comply with the Second Circuit's pleading standards to plausibly state overtime and minimum wage claims under the FLSA as set forth in the recent

1

decisions in *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106 (2d Cir. 2013) and *Nakahata v. New York-Presbyterian Healthcare Sys.*, 2013 U.S. App. LEXIS 14128 (2d Cir. July 11, 2013). *See* Dkt. Entry No. 18. On July 26, 2013, Plaintiffs filed a response letter asserting that their Amended Complaint sufficiently stated overtime and minimum wage claims under the FLSA. *See* Dkt. Entry No. 19.

On August 26, 2013, this Court subsequently issued an order ruling that a pre-motion conference was not required and instructed the parties to submit a proposed briefing schedule for Defendants' motion to dismiss. *See* Dkt. Entry No. 20. On September 9, 2013, the Court approved the parties' briefing schedule, which required Defendants to serve their motion to dismiss by October 4, 2013, Plaintiffs to serve opposition papers by October 25, 2013, and Defendants to serve their reply papers and file the fully-briefed motion papers by November 8, 2013.

**B.     Basis for Motion to Dismiss**

Defendants now move, pursuant Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), to dismiss the Amended Complaint. First, Plaintiffs fail to raise a plausible inference of an FLSA overtime violation. In particular, Plaintiffs fail to identify a single date or workweek in which they worked uncompensated time in excess of 40 hours. *Lundy,* 711 F.3d 106, 114 (2d Cir. 2013). In addition, other than "estimating" that they worked an "average" of more than forty hours per week and were not properly compensated – allegations which merely track the statutory language of the FLSA – Plaintiffs fail to provide *any* "factual context [to] 'nudge' their claim[s] 'from conceivable to plausible.'" *Nakahata,* 2013 U.S. App. LEXIS 14128, at *20 (2d Cir. July 11, 2013); *see also DeJesus v. HF Mgmt. Servs*, 2013 U.S. App.

2

LEXIS 16105, at *13 (2d Cir. Aug. 5, 2013). Indeed, the Amended Complaint does not contain *any* facts about the nature of the overtime work allegedly performed, when such overtime was performed, where the work occurred, how much time was spent performing the work, or that the Plaintiffs were even scheduled to work forty hours in a given week.

Second, Plaintiffs fail to allege facts sufficient to raise a plausible inference of an FLSA minimum wage violation because Plaintiffs cannot identify the amount of hours they allegedly worked in which they were not paid minimum wages, when they allegedly worked these hours, and how much minimum wages they are owed. Moreover, Plaintiffs' rates of pay are based entirely on speculative weekly expenses unsupported by sufficient factual allegations.

Third, Plaintiffs fail to allege facts sufficient to establish the existence of an employment relationship with any of the Defendants. As will be discussed in detail below, Plaintiffs' claims against the corporate Defendants and Defendant Kearney are nothing more than a formulaic recitation of various prongs of the "economic reality" test, which do not include any supporting facts or details to establish an employment relationship. Finally, plaintiff's remaining state law claims should be dismissed or, alternatively, this Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims. Accordingly, the Amended Complaint should be dismissed in its entirety.

## II.     FACTS ALLEGED IN THE AMENDED COMPLAINT[1]

Plaintiffs Marckenzy Gisomme ("Gisomme"), Tremaine Springer ("Springer") and Eduardo Aquino ("Aquino"), former couriers, bring this collective and class action under the FLSA and NYLL. Plaintiffs assert that defendants HealthEx Corp., HealthEx Courier LLC and

---

[1] The facts set forth in the Plaintiffs' Amended Complaint are deemed true solely for the purposes of Defendants' motion to dismiss.

Keith W. Kearney were their "employer, joint employer or single employer." *See* Am. Compl. ¶¶ 16, 18, 20.  As couriers, Plaintiffs allege that they handled and transported medication and biological materials to companies in the healthcare community. *Id.* at ¶ 3.

In the original Complaint, Plaintiffs alleged that they were misclassified as independent contractors, denied minimum wage, straight time and overtime compensation, and that Defendants wrongfully deducted compensation and failed to provide them certain statutory notifications in violation of the NYLL. *See* Compl. ¶¶ 36, 38.  Plaintiffs alleged that they "regularly performed work in excess of forty hours (40) hours per week without receiving minimum wages, straight time and overtime compensation," but Plaintiffs did not allege any facts to support these generalized allegations. *Id.* at ¶ 35.  In response to Defendants' June 18, 2013 letter indicating their intention to move to dismiss the Complaint, Plaintiffs filed an Amended Complaint, which merely added five (5) new paragraphs of allegations. *See* Am. Compl. ¶¶ 35-39.

With respect to Plaintiff's new overtime allegations in the Amended Complaint, Plaintiffs no longer allege that they "regularly" performed work in excess of forty (40) hours per week (*see* Compl. ¶ 35), but instead, Plaintiffs now condition their claims by asserting that they "estimate" that they worked an "average" of fifty (50) hours or more per week (*see* Am. Compl. ¶ 35). Additionally, with respect to Plaintiff's minimum wage claims in the Amended Complaint, Plaintiffs now "estimate" that they regularly incurred weekly expenses that "average[d]" between $325 and $550 causing their regular rate of pay to fall above <u>and</u> below the applicable minimum wage rate (*see* Am. Compl. ¶¶ 37-39).

In the Amended Complaint, Plaintiff Gisomme "estimates" that he worked an "average"

4

of 50 hours each week and regularly worked 6-7 days per week.  *See* Am. Compl. ¶ 35.  Plaintiff Springer "estimates" that he worked an "average" of 50 hours each week and regularly worked 6 days per week.  *Id*.  Plaintiff Aquino "estimates" that he worked an "average" of 53 hours each week and regularly worked 6 days per week.  *Id*.  As discussed in detail below, Plaintiffs fail to provide a single example of when Plaintiff allegedly worked overtime or what activities they allegedly performed during any alleged overtime hours.

All three Plaintiffs "estimated" that regularly incurred weekly expenses "averaging" between $325 and $550 in work-related expenses for vehicle maintenance, gasoline and HealthEx's scanner and insurance on deliveries.  *Id*. at ¶¶ 37-39.  Plaintiff Gisomme "estimates" that he earned an "average" of $685 per week and his net weekly income averaged between $135 and $360 causing his regular rate to average between $2.70 and $7.20 per hour.  *Id*. at ¶ 37.  Plaintiff Springer "estimates" that he earned an "average" of $840 per week and his net weekly income averaged between $325 and $515 causing his regular rate to average between $5.80 and $10.30 per hour.  *Id*. at ¶ 38.  Plaintiff Aquino "estimates" that he earned an "average" of $955 per week and his net weekly income averaged between $405 and $630 causing his regular rate to average between $7.64 and $11.89 per hour.  *Id*. at ¶ 39.  However, Plaintiffs fail to allege facts to identify the amount of hours they allegedly worked in which they were not paid minimum wages, when they allegedly worked these hours, and how much minimum wages they are owed.

Other than the allegations in paragraphs 35 to 39 of the Amended Complaint, the remaining paragraphs in the Amended Complaint contain nothing more than boilerplate allegations, which merely restate the requirements in the applicable statutes.  As discussed in detail below, these allegations are insufficient as a matter of law and, therefore, the Amended

5

Complaint should be dismissed in its entirety.

## III.   ARGUMENT

### A.   Motion to Dismiss Standard

To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).   "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must therefore contain more than "'naked assertion[s] devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 557 (2007)).   Moreover, while a court reviewing a Rule 12(b)(6) motion to dismiss must generally deem all allegations of fact in a complaint to be true, this "tenet ... is inapplicable to legal conclusions." *Id.*; *Twombly*, 550 U.S. at 555 (explaining that courts "are not bound to accept as true a legal conclusion couched as a factual allegation").   A complaint has facial plausibility, only if it pleads a "set of facts sufficient to 'raise a right to relief above the speculative level.'" *Desilva v. N. Shore-Long Island Jewish Health Sys., Inc.*, 770 F. Supp 2d. 497, 506 (E.D.N.Y. 2011) (quoting *Local 649 Annuity Trust Fund v. Smith Barney Fund Mgmt., LLC*, 595 F. 3d 86, 91 (2d Cir. 2010).

### B.   Plaintiffs Fail To Allege Facts Sufficient Raise A Plausible Inference Of An FLSA Overtime Violation

#### 1.   Second Circuit's Pleading Standards for FLSA Overtime Claims

Over the past year, the Second Circuit has issued a series of decisions addressing the adequacy of pleadings in the FLSA overtime compensation context.   In *Lundy v. Catholic Health Sys. of Long Island Inc.*, the Second Circuit held that, "in order to state a plausible FLSA overtime claim, a plaintiff must sufficiently allege 40 hours of work in a given workweek as well

6

as some uncompensated time in excess of the 40 hours." 711 F.3d 106, 114 (2d Cir. 2013) (quoting *Iqbal*, 556 U.S. at 679).  The *Lundy* Court also held that the complaint must allege precisely when, or during what time period, the employee worked more than 40 hours.  711 F.3d at 114 (finding no plausible FLSA claim because plaintiffs failed to allege a single workweek in which they worked at least 40 hours and also worked uncompensated time in excess of 40 hours).  *See also Cromwell v. N.Y. City Health and Hosps. Corp. et al.*, 2013 U.S. Dist. LEXIS 69414, at *10-11 (E.D.N.Y. May 15, 2013) (dismissing complaint where plaintiffs failed to identify any particular workweek they worked uncompensated time for more than 40 hours); *Boutros v. JTC Painting & Decorating Corp.*, 2013 U.S. Dist. LEXIS 86878, at *10-11 (S.D.N.Y. June 19, 2013) (same).

In *Nakahata v. New York-Presbyterian Healthcare Sys.,* the Second Circuit found that plaintiffs failed to state a plausible FLSA overtime claim because Plaintiffs merely alleged that they were not paid for overtime hours worked, but failed to "provide sufficient detail about the length and frequency of their unpaid work to support a reasonable inference that they worked more than forty hours in a given week."  2013 U.S. App. LEXIS 14128, at *20 (2d Cir. July 11, 2013).  The *Nakahata* Court concluded that the allegations in the complaint lacked "the specificity" required, because though they "raise[d] the possibility" of an overtime claim, "absent any allegation that Plaintiffs were scheduled to work forty hours in a given week," they did not state a plausible claim for relief.  *Id.* at *19-*20.

In *DeJesus v. HF Mgmt. Servs,* the Second Circuit, again, found that plaintiff failed to state a plausible FLSA overtime claim because the complaint merely "tracked the statutory language of FLSA, lifting its number and rehashing its formulation, but alleg[ed] no particular

facts sufficient to raise a plausible inference of an FLSA overtime violation." 2013 U.S. App. LEXIS 16105, at *13 (2d Cir. Aug. 5, 2013). The plaintiff in *DeJesus* merely alleged that in "some or all weeks" she worked more than forty hours a week and was not properly compensated. *Id.* at *11-*12. The Second Circuit in *DeJesus* ultimately concluded that "Lundy's requirement that plaintiffs must allege overtime without compensation in a 'given' workweek, was not an invitation to provide an all-purpose pleading template alleging overtime in 'some or all workweeks,'" but instead, requires plaintiffs to provide "complaints with sufficiently developed factual allegations." 2013 U.S. App. LEXIS 16105, at *13 (2d Cir. Aug. 5, 2013).

### a.     Plaintiffs Fail To Identify Any Particular Workweek In Which They Worked Uncompensated Time For More Than 40 Hours

Despite the pleading standards established in *Lundy*, the Plaintiffs, here, fail to identify a single date or workweek within the statute of limitations period where they worked at least 40 hours and also worked uncompensated time in excess of 40 hours. *Lundy*, 711 F.3d at 114 ("[W]e find no plausible claim that FLSA was violated, because Plaintiffs have not alleged a single workweek in which they worked at least 40 hours and also worked uncompensated time in excess of 40 hours"). While Plaintiffs generally allege that they were employed by Defendants during various time periods between March 2011 and March 2013, *see* Am. Compl. ¶¶ 10-12, Plaintiffs fail to allege precisely when, or during what time period, they worked more than 40 hours per week and were not compensated for overtime. Thus, based on *Lundy* and the subsequent district court decisions in *Cromwell* and *Boutros*, *supra,* the Amended Complaint should be dismissed because Plaintiffs have failed to identify any particular workweek in which they worked uncompensated time for more than 40 hours.

8

        **b.**     **Plaintiffs' Allegations That They Were Not Paid For Overtime Hours Worked Is Insufficient To Raise A Plausible Inference Of An FLSA Overtime Violation**

As the Second Circuit held in *Nakahata* and *DeJesus*, Plaintiffs' overtime claims cannot survive dismissal based on their assertion that they worked more than forty hours per week and were not properly compensated.  The Second Circuit made absolutely clear that plaintiffs are required to provide "sufficient detail about the length and frequency of their unpaid work to support a reasonable inference that they worked more than forty hours in a given week" and, likewise, provide "some factual context that will 'nudge' their claim[s] 'from conceivable to plausible.'" *Nakahata*, 2013 U.S. App. LEXIS 14128, at *20 (2d Cir. July 11, 2013); *DeJesus*, 2013 U.S. App. LEXIS 16105, at *13 (2d Cir. Aug. 5, 2013).

Here, other than "estimating" that the Plaintiffs worked an "average" of more than 50 hours per week and "regularly" worked between 6-7 days per week, the Plaintiffs fail to allege any particular facts sufficient to raise a plausible inference of an FLSA overtime violation. Indeed, the Amended Complaint does not contain *any* facts about the nature of the overtime work allegedly performed, when such overtime was performed, where the work occurred, how much time was spent performing the work, or that the Plaintiffs were even scheduled to work forty hours in a given week.  *See e.g., James v. Countrywide Fin. Corp.*, 849 F. Supp. 2d 296, at *20 (E.D.N.Y. 2012) (holding that a plaintiff must plead sufficient facts detailing the type of work performed and the extent of overtime hours to sustain a claim.); *DeSilva v. North Shore-Long Island Jewish Health System, Inc.*, 770 F. Supp. 2d 497, 509 (E.D.N.Y. 2011) ("[I]t is not enough 'to merely allege [ ] that Plaintiffs worked beyond forty hours per week.'  Instead, plaintiffs must provide…a time frame when those hours were worked." (citations omitted)).

Moreover, the Amended Complaint cannot survive dismissal merely because Plaintiffs amended their overtime allegations from asserting that they "regularly" performed work in excess of forty (40) hours per week to "estimat[ing]" that they worked an "average" of fifty (50) hours or more per week. *Compare* Compl. ¶ 35 *with* Am. Compl. ¶ 35. Recently, in *Spiteri v. Russo*, the district court dismissed plaintiff's FLSA overtime claim finding that plaintiff "only generally alleged…that he worked 'approximately "fifty (50) to [sixty] (60) hours per week"' and that "[n]owhere in the Complaint does Plaintiff plead the hours he worked with the specificity required by the Second Circuit." 2013 U.S. Dist. LEXIS 128379, at *211 (E.D.N.Y. Sept. 7, 2013). Specifically, the district court found that because Plaintiff "only plead[] hours in the aggregate," without providing any supporting facts, "the Court could not determine which alleged overtime hours worked were not paid and whether any unpaid hours qualif[ed] for overtime payment" and, therefore, Plaintiff failed to plausibly plead that he was not paid for overtime hours worked. *Id.*

Further, Plaintiffs' allegations concerning the number of hours they worked are nothing more than "estimates" of "averages." *DeJesus*, 2013 U.S. App. LEXIS 16105, at *11 (2d Cir. Aug. 5, 2013). In fact, because the hours Plaintiffs allegedly worked were only "averages," there may have been workweeks in which absolutely *no overtime violation* occurred. For example, if over the course of a month, a courier worked 60 hours per week for the first two weeks, but then only worked 40 hours for the last two weeks, the "average" number of hours worked per week would be 50 hours but there would no overtime violation under the FLSA for the last two weeks in which a courier worked only 40 hours per week. Because Plaintiffs have failed to identify any particular workweek in which they worked uncompensated time for more than 40 hours, their

estimated "averages" of hours worked fail to sufficiently allege a plausible inference of an overtime violation under the FLSA.  Thus, the Amended Complaint in this case is no different than the Complaint that was dismissed in *DeJesus*, because, other than alleging that they worked more than forty hours per week and were not compensated, the pleadings lack sufficient factual context or content to raise a plausible inference of an FLSA overtime violation.

### C.   Plaintiffs Fail to Allege Facts Sufficient To Raise A Plausible Inference Of An FLSA Minimum Wage Violation

Plaintiffs' minimum wage claims should be dismissed because they failed to allege the number of hours worked for which minimum wages were not received, nor do they plead any factual allegations to establish when they allegedly worked these hours.  *See Zhong v. August August Corp.*, 498 F. Supp. 3d 625, 628 (S.D.N.Y. 2007).  Plaintiffs also fail to allege the amount of unpaid minimum wages due to them (an amount that cannot be determined because the number of hours for which minimum wages were allegedly not received is unknown) and their alleged regular rates of pay were, at times, above the minimum wage. *Id.* at 629.

Moreover, Plaintiffs' assertion that their regular rates of pay went below minimum wage was *not* calculated simply by dividing the total earnings by the total hours worked in a week, *see* 29 U.S.C. § 206, but was instead based upon their weekly net income after deducting expenses, which, here, were entirely speculative and conditioned upon "estimates" and "averages" and unsupported by sufficient factual allegations.  Indeed, *all three* Plaintiffs "estimate" they regularly incurred weekly expenses "averaging between $325 and $550," which caused their regular rate of pay to be both above <u>and</u> below the applicable minimum wage rate.  Plaintiffs allege their rates of pay ranged from $2.70 per hour to $11.89 per hour.  *See* Am. Compl. ¶¶ 37-39.  Plaintiffs' inability to allege *when* or *how many hours* they worked in which they did not

11

receive minimum wage coupled with Plaintiffs' speculative weekly expenses fail to to raise a plausible inference of a FLSA minimum wage violation.  Finally, it should be noted that Plaintiff Aquino cannot even state a minimum wage claim as a matter of law because his alleged wage rates of "$7.64 and $11.89 per hour," *see* Am. Compl. ¶ 39, were at all relevant times above the federal and New York State minimum wage rate of $7.25 per hour.

Based on the foregoing, Plaintiffs fail to allege facts sufficient to raise a plausible inference of an FLSA minimum wage violation because Plaintiffs cannot identify the amount of hours they allegedly worked in which they were not paid minimum wages, when they allegedly worked these hours, and how much minimum wages they are owed.  Moreover, Plaintiffs' rates of pay are based entirely on speculative weekly expenses unsupported by sufficient factual allegations.

**D.**    **Plaintiffs Fail to Allege Facts Sufficient To Establish The Existence Of An Employment Relationship With Any Of The Defendants**

**1.**    **Plaintiffs Fail To Allege That The Corporate Defendants Were Their Employers Under The FLSA**

To state a claim for a violation of the FLSA, Plaintiffs must adequately plead that: (1) Plaintiffs were employed by Defendants; (2) Defendants are engaged in commerce; and (3) Defendants failed to pay Plaintiffs for compensable hours worked.  29 U.S.C. § 207(a)(1).  The FLSA defines "employer" to include "any person acting directly or indirectly in the interest of an employer in relation to an employee."  29 U.S.C. § 203(d).[2]  The definition of "employ" under

---

[2] Courts have applied the same analysis to determine if an entity or individual is an "employer" under the FLSA as NYLL.  *Wolman v. Catholic Health Sys. of Long Island, Inc.*, 853 F. Supp. 2d 290, 296 n.4 (E.D.N.Y. 2012) ("The standards by which a court determines whether an entity is an 'employer' under the FLSA also govern the determination under New York labor law.") (citations omitted).

the FLSA "includes to suffer or permit to work." *Id.* An employment relationship exists under the FLSA when the "economic reality" is such that the "alleged employer possessed the power to control the workers in question." *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999). The Courts look to the "economic reality" of the relationship instead of the common-law concept of agency. *Wolman v. Catholic Health Sys. of Long Island*, 853 F. Supp. 2d 290, 297 (E.D.N.Y. Feb. 16, 2012). Under the "economic reality" test, courts consider "whether the alleged employer (1) had the power to hire and fire the employees (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Id.* (citing *Carter v. Dutchess Comm. College*, 735 F.2d 8, 12 (2d Cir. 1984)). "[N]o one of the four factors standing alone is dispositive. Instead, the 'economic reality' test encompasses the totality of circumstances, no one of which is exclusive." *Id.* (citations omitted.)

Here, Plaintiffs fail to allege facts in their Amended Complaint that would entitle them to recover under the FLSA, because they have not properly plead the existence of an employment relationship with corporate Defendants HealthEx Corp. or HealthEx Courier LLC. Plaintiffs fail to specify which particular entity employed them, but instead, allege that they were employed by *all* Defendants and that Defendants are liable as "an employer, joint employer or single employer." *See* Am. Compl. at ¶¶16-18. Moreover, Plaintiffs fail to allege which entity had the power to hire or fire them, supervised or controlled their work schedules, set the conditions of their employment, determined the rate or method of pay, or maintained their employment records.

Even if Plaintiffs claim the existence of a single or joint employment relationship, "some

13

direct employer [first] needs to be identified before anyone in the group could be liable on the theory that some or all were responsible." *See Cavallaro v. UMass Memorial Healthcare, Inc.*, 678 F.3d 1, at \*9-10, (1st Cir. April 18, 2012) (affirming grant of motion to dismiss when the complaint did not identify the immediate employer of named plaintiffs); *Diaz v. Consortium for Workers Educ.*, No. 10 Civ. 01848 (LAP), 2010 U.S. Dist. LEXIS 107722, at \*8-10 (S.D.N.Y. Sept. 28, 2010) (dismissing FLSA claim because complaint contained insufficient facts to establish that corporate defendant was employer or joint employer); *Nakahata v. New York-Presbyterian Healthcare Sys*., Nos. 10 Civ. 2661, 10 Civ. 2662, 10 Civ. 2683, 10 Civ. 3247 (PAC), 2011 U.S. Dist. LEXIS 8585, at \*22 (S.D.N.Y. Jan. 28, 2011) (finding complaints deficient due to plaintiffs' failure to specify which entity, among the many named defendants, employed the respective plaintiffs."). Therefore, Plaintiffs' claims against the corporate Defendants should be dismissed because they have failed to allege facts sufficient to establish the existence of employment relationship.

2.    **Plaintiffs Fail to Plausibly Plead That Defendant Kearney Was Their "Employer" Under The FLSA**

To be held liable under the FLSA, an individual defendant must be an employer. "Evidence that an individual is an owner or officer of a company, or otherwise makes corporate decisions that have nothing to do with an employee's function, is insufficient to demonstrate 'employer' status. To be an 'employer,' an individual defendant must possess control over a company's actual 'operations' in a manner that relates to plaintiff's employment." *Zheng v. Liberty Apparel Co*., 355 F.3d 61, 66 (2d Cir. 2003). "A person exercises operational control over employees if his or her role within the company, and the decisions it entails, directly affect the nature of conditions of the employee's employment." *Irizzary v. Catsimatidis*, 722 F.3d 99,

14

at *9 (2d Cir. 2013).

"Courts routinely dismiss FLSA claims against individuals where the allegations are "nothing more than conclusory allegations designed to satisfy the economic reality test." *See Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*, 2012 U.S. Dist. LEXIS 127824, at *36-37 (S.D.N.Y. Sept. 6, 2012) (quoting *Sampson v. MediSys Health Network*, 2012 U.S. Dist. LEXIS 103012, at *47 (E.D.N.Y. Feb. 9, 2012); *see also Tracy v. NVR, Inc.*, 667 F. Supp. 2d 244 (W.D.N.Y. Nov. 5, 2009) (plaintiffs failed to allege sufficient operational control by the executives targeted and the conclusory allegations concerning the executives' level of control over work schedules, conditions of employment, and compensation were "mere boilerplate allegations" that offered no supporting details and were "essentially a 'formulaic recitation of the elements of a cause of action' …insufficient to raise plaintiffs' right to relief above a speculative level.').

Here, Plaintiffs' allegations regarding Defendant Kearney are nothing more than a formulaic recitation of various prongs of the economic reality test, which do not include ***any*** supporting facts or details. *See* Am. Compl. ¶ 20 (a)-(h). Plaintiffs allege that Defendant Kearney has been the "owner of Defendants HealthEx Corp. and HealthEx Courier LLC" with power over personnel and payroll decisions and has been actively involved in day-to-day operations. *Id.* at ¶ 20(a)-(d). Plaintiffs, however, fail to allege any facts to support these contentions. More importantly, Plaintiffs fail to allege that Defendant Kearney controlled their work. *See Bravo v. Eastpoint Int'l, Inc.*, No. 99-CV-9474 (WK), 2001 U.S. Dist. LEXIS 3647, at * 2 (S.D.N.Y. Mar. 30, 2001) (dismissing claim against fashion designer Donna Karan as employer under the FLSA because plaintiffs only alleged her status as the owner and chairperson

of the employer company and failed to allege facts establishing her power to control the plaintiff workers). Additionally, other than asserting in conclusory fashion that Defendant Kearney had the power "to stop any illegal pay practice," "to transfer assets and/or liabilities," "declare bankruptcy," and "enter into contracts" on behalf of Defendants, Plaintiffs, again, fail to allege any facts to support these assertions. *Id.* at ¶ 20 (e)-(h).

Further, Plaintiffs fail to allege that Defendant Kearney ever had any direct contact with them. *See Tracy v. NVR, Inc.*, No. 04-CV-6541L, 2009 U.S. Dist. LEXIS 90778, at *4 (W.D.N.Y. Sept. 30, 2009) ("Generally, corporate officers and owners held to be employers under the FLSA have had some direct contact with the plaintiff employee, including determining the employee's day-to-day schedule or tasks, signing the employee's paycheck or directly hiring the employee." (collecting cases)). The boilerplate allegations made by Plaintiffs do not allow the court to infer anything more than there "mere possibility" of employer status, which is insufficient under *Iqbal* and *Twombly*. Accordingly, Plaintiffs' claims against Defendant Kearney under the FLSA must be dismissed.

### E.    Plaintiffs' Remaining State Law Claims Should Be Dismissed, Or, Alternatively, This Court Should Decline To Exercise Supplemental Jurisdiction Over Plaintiffs' State Law Claims

Plaintiffs' claims that Defendants failed to pay the minimum wage and overtime compensation in violation of the NYLL should be dismissed on the same grounds as their federal counterpart because "[t]he relevant portions of New York Labor Law do not diverge from the requirements of FLSA" and "appl[y] equally to [the NYLL] state law claims." *See DeJesus*, 2013 U.S. App. LEXIS 16105, at *13 n.5 (2d Cir. Aug. 5, 2013) (citing to W*halen v. J.P. Morgan Chase & Co.*, 569 F. Supp. 2d 327, 329 n.2 (W.D.N.Y. 2008), rev'd on other grounds

16

sub nom. *Davis v. J.P. Morgan Chase & Co.*, 587 F.3d 529 (2d Cir. 2009)).

Alternatively, pursuant to 28 U.S.C. § 1367(c)(3), the court "may decline to exercise supplemental jurisdiction" over a state law claim when the court "has dismissed all claims over which it has original jurisdiction." The Second Circuit has repeatedly emphasized that when "federal claims are eliminated in the early stages of litigation, courts should generally decline to exercise pendent jurisdiction over remaining state law claims." *Klein & Co. Futures, Inc. v. Bd. of Trade of the City of New York*, 464 F.3d 255, 262 (2d Cir. 2006); *see also Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("'[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors ... will point toward declining to exercise jurisdiction over the remaining state-law claims.'") (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7 (1988)). Here, this Court should decline to exercise supplemental jurisdiction over any remaining state claims because all of Plaintiffs' federal law claims, as described above, require dismissal.

## IV.   CONCLUSION

For the foregoing reasons, the Defendants respectfully request that the Court grant their motion to dismiss the Amended Complaint along with such other and further relief as the Court deems just and proper.

Date:   October 4, 2013
        Melville, New York

LITTLER MENDELSON, P.C.

By: _____
    John T. Bauer
    William H. Ng
LITTLER MENDELSON
  A Professional Corporation
290 Broadhollow Road, Suite 305
Melville, New York 11747
(631) 247-4700
jbauer@littler.com
wng@littler.com

*Attorneys for Defendants
HealthEx Corp., HealthEx Courier LLC and
Keith W. Kearney*

Firmwide:121159891.7 068646.1003