UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MARCKENZY GISOMME, TREMAINE
SPRINGER AND EDUARDO AQUINO
On behalf of themselves
And all others similarly situated,

        Plaintiffs,

    -against-

HEALTHEX CORP., HEALTHEX COURIER
LLC AND KEITH W. KEARNEY,

        Defendants.

Civil Action No. 13-CV-02541 (LDW) (WDW)

---

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT

---

John T. Bauer
William H. Ng
LITTLER MENDELSON
   A Professional Corporation
Attorneys for Plaintiff
290 Broadhollow Road, Suite 305
Melville, New York 11747
(631) 247-4700

*Attorneys for Defendants*
*HealthEx Corp., HealthEx Courier*
*LLC and Keith W. Kearney*

# TABLE OF CONTENTS

PAGE

I.      PRELIMINARY STATEMENT ......................................................................................... 1

II.     ARGUMENT ................................................................................................................. 1

        A.      Plaintiffs Fail To Allege Facts Sufficient To Raise a Plausible Inference of
                An FLSA Overtime Violation.............................................................................. 1

        B.      Plaintiffs Fail To Allege Facts Sufficient To Raise a Plausible Inference of
                An FLSA Minimum Wage Violation .................................................................... 3

        C.      Plaintiffs' Claims Against The Corporate Defendants Should Be Deemed
                Abandoned And Dismissed Because Plaintiffs Failed To Submit Any
                Opposition To Corporate Defendants' Arguments That Plaintiffs Did Not
                Properly Plead The Existence of An Employment Relationship ........................... 4

        D.      Plaintiffs Fail to Plausibly Plead That Defendant Kearney Was Their
                "Employer" Under The FLSA ............................................................................. 5

        E.      Plaintiffs' Demand For Attorneys' Fees And Contingent Request For
                Leave To Amend Their Pleadings Should Be Denied ........................................... 7

III.    CONCLUSION.............................................................................................................. 9

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Abdur-Raheem v. Selsky,*
806 F. Supp. 2d 628 (W.D.N.Y. 2011) ...................................................................8

*Best Payphones, Inc. v. Manhattan Telecomms. (In re Best Payphones, Inc.),*
450 Fed. Appx. 8 (2d Cir. 2011) (holding that an award of sanctions under Section
1927 requires a clear showing of bad faith) ...........................................................7

*Coriale v. Xerox Corp.,*
775 F. Supp. 2d 583 (W.D.N.Y. 2011) ...................................................................8

*DeJesus v. HF Mgmt. Servs,*
726 F.3d 85 (2d Cir. Aug. 5, 2013) ....................................................................1, 2

*In re Gildan Activewear, Inc. Sec. Litig.,*
No. 08 Civ. 5048 (HB), 2009 U.S. Dist. LEXIS 113393 (S.D.N.Y. Dec. 4, 2009) ...............8

*James v. Countrywide Fin. Corp.,*
849 F. Supp. 2d 296 (E.D.N.Y. 2012) ...................................................................3

*Nakahata v. New York-Presbyterian Healthcare Sys.,*
723 F.3d 192 (2d Cir. July 11, 2013) ..................................................................2, 6

*New York-Presbyterian Healthcare Sys., Inc.,* Nos. 12-Civ.-6658, 11-Civ.-6657, 11-Civ.-
6366 (PAC), 2012 U.S. Dist. LEXIS 127824 (S.D.N.Y. Sept. 6, 2012) ..................................6

*Silverman v. Household Fin. Realty Corp.,*
No. 12-CV-3559 (LDW), 2013 U.S. Dist. LEXIS 111970 ......................................................4

*Spiteri v. Russo,*
No. 12-CV-2780 (MKB)(RLM), 2013 U.S. Dist. LEXIS 128379 (E.D.N.Y. Sept. 7,
2013) ...............................................................................................................3

*Tracy v. NVR, Inc.,*
667 F. Supp. 2d 244 (W.D.N.Y. Nov. 5, 2009) ........................................................6

*Volunteer Fire Ass'n of Tappan, Inc. v. County of Rockland,*
No. 09-CV-4622 (CS), 2010 U.S. Dist. LEXIS 125394 (S.D.N.Y. Nov. 24, 2010) ................4

*Wilson v. Citigroup, N.A.,*
702 F.3d 720 (2d Cir. 2012) ..............................................................................7

*Young v. Lord & Taylor, LLC*,
    No. 12-CV-2108 (LDW), 2013 U.S. Dist. LEXIS 39586 (E.D.N.Y. Mar. 21, 2013) ..............8

*Zhong v. August August Corp.*,
    498 F. Supp. 3d 625 ............................................................................................................3

**STATUTES**

28 U.S.C. § 1927 ..........................................................................................................................7

**OTHER AUTHORITIES**

E.D.N.Y. Aug. 5, 2013................................................................................................................4

Fed. R. Civ. P. 11(c)(2) ...............................................................................................................7

Rule 12(b)(6) of the Fed. R. Civ. P. ...........................................................................................1

Rule 11 ........................................................................................................................................7

Rule 15(a).....................................................................................................................................8

I.      **PRELIMINARY STATEMENT**

On October 4, 2013, Defendants moved, pursuant to Rule 12(b)(6) of the Fed. R. Civ. P., to dismiss the Amended Complaint on the grounds that: (1) Plaintiffs failed to allege facts sufficient to raise a plausible inference of an FLSA overtime or minimum wage violation; (2) Plaintiffs failed to alleged facts sufficient to establish the existence of an employment relationship with any of the Defendants; and (3) Plaintiffs' remaining state law claims should be dismissed on same grounds as their federal counterparts, or, alternatively, the Court should decline to exercise supplemental jurisdiction.

On October 24, 2013, Plaintiffs served a Memorandum in Opposition to Defendants' Motion to Dismiss the Amended Complaint ("Pls.' Mem. of Law"). For the reasons set forth in the Memorandum of Law in Support of Defendants' Motion to Dismiss the Amended Complaint ("Defs.' Main Brief") and for the reasons set forth more fully below, Defendants respectfully request that the Court grant their motion to dismiss the Amended Complaint with prejudice.

II.     **ARGUMENT**

A.      **Plaintiffs Fail To Allege Facts Sufficient To Raise a Plausible Inference of An FLSA Overtime Violation**

Despite Plaintiffs' arguments to the contrary, Plaintiffs have failed to allege sufficient facts or details in the Amended Complaint to raise a plausible inference of an FLSA overtime violation. Plaintiffs specifically contend they satisfied the pleading requirements to state an FLSA overtime claim because (1) Plaintiffs identified "each week" as the particular workweek in which they worked uncompensated time in excess of 40 hours, and (2) Plaintiffs alleged an approximate "number of unpaid overtime hours" worked each week. *See* Pls.' Mem. of Law at pp. 8-9. Plaintiffs' arguments are without merit.

First, in *DeJesus v. HF Mgmt. Servs*, 726 F.2d 85 (2d Cir. 2013), the Second Circuit

1

recently affirmed the dismissal of an FLSA overtime claim, where the plaintiff alleged in her complaint that during *"some or all weeks,"* she worked more than forty hours a week and was not properly compensated. *Id.* at 87 (emphasis added). The Second Circuit in *DeJesus* rejected the plaintiff's reference to "all weeks" and found that "Lundy's requirement that plaintiffs must allege overtime without compensation in a 'given' workweek, was not an invitation to provide an all-purpose pleading template alleging overtime in 'some or all workweeks,'" but instead, requires plaintiffs to provide "complaints with sufficiently developed factual allegations." *Id.* at *90. Plaintiffs' attempt to distinguish this case from *DeJesus* is unavailing because the use of the term "all weeks" in the *DeJesus* Complaint is no different from the term "each week" as alleged by the Plaintiffs in the Amended Complaint. Similar to the complaint in *DeJesus*, the Amended Complaint here lacks sufficient factual context or content to raise a plausible inference of an FLSA overtime violation.

Second, Plaintiffs' FLSA overtime claims cannot survive dismissal merely because they alleged an approximate "number of unpaid overtime hours" worked each week. Rather, the Second Circuit requires that Plaintiffs provide "sufficient detail about the length and frequency of their unpaid work to support a reasonable inference that they worked more than forty hours in a given week," as well as "some factual context that will 'nudge' their claim[s] 'from conceivable to plausible.'" *Nakahata v. New York-Presbyterian Healthcare Sys.*, 723 F.3d 192, 201 (2d Cir. July 11, 2013); *DeJesus*, 726 F.3d 85, 90 (2d Cir. Aug. 5, 2013). Here, the Amended Complaint does not contain *any* facts about the nature of the overtime work allegedly performed, when such overtime was performed, where the work occurred, how much time was spent performing the work, or that the Plaintiffs were even scheduled to work forty hours in a

given week. *See e.g.*, *Spiteri v. Russo*, No. 12-CV-2780 (MKB)(RLM), 2013 U.S. Dist. LEXIS 128379, at *211 (E.D.N.Y. Sept. 7, 2013) (dismissing FLSA overtime claims where the plaintiff alleged that he worked approximately 50-60 hours per week on the grounds that plaintiff failed to plead sufficient facts to establish when the overtime hours were worked); *James v. Countrywide Fin. Corp.*, 849 F. Supp. 2d 296, at *20 (E.D.N.Y. 2012) (dismissing FLSA overtime claims on grounds that plaintiff must plead sufficient facts detailing the type of work performed and the extent of overtime hours to sustain a claim).

### B.   Plaintiffs Fail To Allege Facts Sufficient To Raise a Plausible Inference of An FLSA Minimum Wage Violation

Plaintiffs failed to offer any opposition to Defendants' arguments to dismiss their minimum wage claims, other than to generally allege that their minimum claims are sufficiently plead. Plaintiffs, however, failed to address Defendants' specific arguments that Plaintiffs failed to allege the number of hours worked for which minimum wages were not received, nor did they plead any factual allegations to establish when they allegedly worked these hours. *See Zhong v. August August Corp.*, 498 F. Supp. 3d 625, 628 (S.D.N.Y. 2007). Plaintiffs also failed to allege the amount of unpaid minimum wages due to them. *Id.*

Because the Amended Complaint does not contain sufficient factual allegations to establish when or how many hours Plaintiffs were allegedly not paid minimum wages, Plaintiffs rely entirely on speculative work-related expenses, which they deduct from their total weekly compensation in an attempt to lower their regular rates of pay below the minimum wage (incidentally, this had the opposite effect and raised Plaintiffs Springer's and Aquino's regular rates of pay above the federal and state minimum wages). Not surprisingly, Plaintiffs did not submit any opposition to Defendants' argument that Plaintiff Aquino cannot state a minimum

wage claim as a matter of law because his alleged wage rates between "$7.64 and $11.89" were at all times above the federal and New York state minimum wage rate of $7.25 per hour. *See* Am. Compl. ¶ 39. Accordingly, Plaintiffs' FLSA minimum wage claims should be dismissed in their entirety.

### C.   Plaintiffs' Claims Against The Corporate Defendants Should Be Deemed Abandoned And Dismissed Because Plaintiffs Failed To Submit Any Opposition To Corporate Defendants' Arguments That Plaintiffs Did Not Properly Plead The Existence of An Employment Relationship

Plaintiffs failed to submit any opposition to the Corporate Defendants' arguments that Plaintiffs have not properly plead the existence of an employment relationship with Corporate Defendants HealthEx Corp. or HealthEx Courier LLC. *See* Point III(D)(1) of Defendants' Main Brief. In particular, Plaintiffs failed to specify which particular corporate entity employed them, had the power to hire or fire them, supervised or controlled their work schedules, set the conditions of their employment, determined the rate or method of pay, or maintained their employment records. The law is well-established that a claim shall be deemed abandoned when defendants move to dismiss a claim and plaintiffs fail to respond to defendants' arguments in support of dismissing such a claim. *See Silverman v. Household Fin. Realty Corp.*, No. 12-CV-3559 (LDW), 2013 U.S. Dist. LEXIS 111970, at *4-*5 (E.D.N.Y. Aug. 5, 2013 (dismissing plaintiffs' claims as abandoned because they failed to submit opposition to defendants' arguments that the claims should be dismissed); *see also Volunteer Fire Ass'n of Tappan, Inc. v. County of Rockland*, No. 09-CV-4622 (CS), 2010 U.S. Dist. LEXIS 125394, at *23 (S.D.N.Y. Nov. 24, 2010) ("When a plaintiff fails to address a defendant's arguments on a motion to dismiss a claim, the claim is deemed abandoned, and dismissal is warranted on that ground alone."). Here, Plaintiffs fail to allege sufficient facts to properly plead the existence of an

4

employment relationship with the Corporate Defendants and then fail to oppose the Corporate Defendants' arguments to dismiss all claims against them. Accordingly, this Court should deem Plaintiffs' claims against Defendants HealthEx Corp. or HealthEx Courier LLC as abandoned and/or dismiss the claims outright for all the reasons asserted in Defendants' Main Brief.

**D.     Plaintiffs Fail to Plausibly Plead That Defendant Kearney Was Their "Employer" Under The FLSA**

Defendants submit that Plaintiffs' allegations regarding Defendant Kearney are nothing more than a formulaic recitation of various prongs of the economic reality test, which do not include *any* supporting facts or details and, therefore, Plaintiffs fail to properly allege that he was their "employer" under the FLSA. In opposition, Plaintiffs argue that they plead "substantial facts" to establish that Defendant Kearney was an employer under the FLSA. *See* Pls.' Mem. of Law at p. 12. Contrary to Plaintiffs' assertion, the below comparison of the "economic reality" test factors to the allegations asserted in the Plaintiffs' Amended Complaint establish that no supporting facts or details were plausibly plead to establish that Defendant Kearney was Plaintiffs' employer under the FLSA:

> Under the "economic reality" test, courts consider "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *See Wolman v. Catholic Health Sys. of Long Island*, 853 F. Supp. 2d. 290, 297 (E.D.N.Y. Feb. 16, 2012).
>
> In the Amended Complaint, Plaintiffs allege that Defendant Kearney (1) is the "owner" of the corporate defendants, (2) has the power over personnel decisions, including the power to hire and fire employees, set wages and otherwise control the terms and conditions of their employees, (3) had the power over payroll decisions, including the power to retain time and/or wage records, (4) actively involved in the day-to-day operations, (5) has power to

5

> stop any illegal practices that may harm employees, (6) power to
> transfer assets and/or liabilities of corporate defendants, (7) power
> to declare bankruptcy, and (8) power to enter into contracts on
> behalf of the corporate defendants. *See* Am. Compl. ¶¶ 19-20.

The "facts" asserted in the Amended Complaint simply mirror the economic reality test factors, which is insufficient to establish individual liability under the FLSA. *See Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*, Nos. 12-Civ.-6658, 11-Civ.-6657, 11-Civ.-6366 (PAC), 2012 U.S. Dist. LEXIS 127824, at *36-*37 (S.D.N.Y. Sept. 6, 2012) (dismissing plaintiffs' FLSA claims against Presidents and Senior Vice Presidents, because other than alleging that individual defendants had "authority" to make employment decisions, plaintiffs failed to alleged sufficient facts to establish these individuals qualified as "employers" under the FLSA); *Tracy v. NVR, Inc.*, 667 F. Supp. 2d 244 (W.D.N.Y. Nov. 5, 2009) (dismissing plaintiff's FLSA claims against individual defendant on the grounds that the conclusory allegations concerning the executives' level of control over work schedules, conditions of employment, and compensation were "mere boilerplate allegations" that offered no supporting details and were "essentially a 'formulaic recitation of the elements of a cause of action' ...insufficient to raise plaintiffs' right to relief above a speculative level."). Here, other than alleging that Defendant Kearney "had the power" to make employment decisions, there are no factual details to plausibly plead that Defendant Kearney was an "employer" under the FLSA.

Plaintiffs also fail to rebut Defendants' arguments that Plaintiffs did not plead any facts to establish that Defendant Kearney controlled their work. Indeed, Plaintiffs cannot refer the Court to any allegations in the Amended Complaint to show that Defendant Kearney ever had any direct contact with the Plaintiffs. By way of example, Plaintiffs assert that Defendant Kearney was "actively involved in the day-to-day operations," but Plaintiffs then fail to allege any

6

supporting facts, details or examples to establish how Defendant Kearney was actually involved or controlled the Plaintiffs' work. Even if Plaintiffs' boilerplate allegations were accepted as true, they do not allow the Court to infer anything more than the "mere possibility" of employer status, which is insufficient under *Iqbal* and *Twombly*. Accordingly, Plaintiffs' claims against Defendant Kearney under the FLSA should be dismissed.

### E. Plaintiffs' Demand For Attorneys' Fees And Contingent Request For Leave To Amend Their Pleadings Should Be Denied

Plaintiffs' demand for attorneys' fees and costs associated with filing opposition papers to Defendants' motion to dismiss should be denied because they: (1) failed to separately move, pursuant Fed. R. Civ. P. 11(c)(2), for such relief; and (2) failed to provide any reason to the Court, other than having to file opposition papers, to suggest that the Court should impose sanctions on its own initiative against the Defendants. Plaintiffs' request is also without merit because they failed to oppose Defendants' arguments to dismiss various claims, including Plaintiffs' minimum wage claims and all claims against the Corporate Defendants. In any event, it is well-established in this Circuit that a district court may not impose attorney's fees as a sanction, pursuant to 28 U.S.C. § 1927 or Rule 11, without first making an explicit finding that the party acted in bad faith in engaging in the purported sanctionable conduct. *See Wilson v. Citigroup, N.A.*, 702 F.3d 720, 724 (2d Cir. 2012) (holding that district court abused its discretion by imposing attorney's fees as a sanction without first finding that party had acted in bad faith); *Best Payphones, Inc. v. Manhattan Telecomms. (In re Best Payphones, Inc.)*, 450 Fed. Appx. 8, 14 (2d Cir. 2011) (holding that an award of sanctions under Section 1927 requires a clear showing of bad faith) (internal citations omitted).

7

Additionally, Plaintiffs' contingent request in their opposition papers for a ***third opportunity*** to plead their claims against the Defendants must be denied. In this Circuit, federal district courts have denied "informal" or "contingent" requests for leave to amend a complaint filed in opposition briefs to motions to dismiss. *In re Gildan Activewear, Inc. Sec. Litig.*, No. 08 Civ. 5048 (HB), 2009 U.S. Dist. LEXIS 113393, at *14-15 (S.D.N.Y. Dec. 4, 2009) ("…the law in this Circuit is abundantly clear that '[i]t is within the court's discretion to deny leave to amend implicitly by not addressing the request when leave is requested informally in a brief filed in opposition to a motion to dismiss.'") (citing to *Tamoxifen Citrate Antitrust Litig.*, 466 F.3d 187, 220 (2d Cir. 2006)); *Abdur-Raheem v. Selsky*, 806 F. Supp. 2d 628, 640-41 (W.D.N.Y. 2011) (finding that courts disfavor a plaintiff's "broad, open-ended, contingent" request to amend pleadings "to the extent" that any part of a defendant's motion to dismiss is granted). Indeed, this Court and other district courts have denied requests for leave to amend where plaintiffs do not file motions for leave to amend or include their proposed amended pleadings. *See Young v. Lord & Taylor, LLC*, No. 12-CV-2108 (LDW), 2013 U.S. Dist. LEXIS 39586, at *16-17 fn.5 (E.D.N.Y. Mar. 21, 2013) (denying Plaintiff's request in her opposition papers for leave to amend on the grounds that plaintiff failed to include a proposed amended pleading or attest to sufficient facts in support of her claims); *Coriale v. Xerox Corp.*, 775 F. Supp. 2d 583, 600-601 (W.D.N.Y. 2011) (citing *Gray v. Evercore Restructuring L.L.C*, 544 F.3d 320, 327 [1st Cir. 2008]) (finding plaintiff's request in his opposition papers for leave to replead, in the event that the court found that the amended complaint failed to state a claim, did not constitute a motion to amend his complaint and court, therefore, had no obligation to perform a Rule 15(a) analysis).

8

Here, Plaintiffs' request that the Court provide them a ***third opportunity*** to plead their claims against Defendants "in order to determine whether Plaintiffs are able to meet their burden" should be denied because Plaintiffs have neither formally sought leave to amend, nor do the courts in this Circuit, as explained above, favor open-ended contingent requests for leave to amend asserted in opposition to motions to dismiss.

## III.   CONCLUSION

For all of the foregoing reasons and the reasons set forth in Defendants' Main Brief, the Amended Complaint should be dismissed. Additionally, Plaintiffs' demand for attorneys' fees and contingent request for leave to amend their pleadings should be denied.

Date:   November 8, 2013
        Melville, New York

LITTLER MENDELSON, P.C.

By: _____

John T. Bauer
William H. Ng
LITTLER MENDELSON
  A Professional Corporation
290 Broadhollow Road, Suite 305
Melville, New York 11747
(631) 247-4700
jbauer@littler.com
wng@littler.com

*Attorneys for Defendants*
*HealthEx Corp., HealthEx Courier LLC and*
*Keith W. Kearney*

Firmwide:123851994.3 068646.1003

9