UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
MARKENZY GISOMME, TREMAINE
SPRINGER AND EDUARDO AQUINO
On behalf of themselves
And all others similarly situated,

                          Plaintiffs,        <u>MEMORANDUM AND ORDER</u>

    -against-                         CV 13-2541 (LDW) (WDW)

HEALTHEX CORP., HEALTHEX
COURIER LLC AND KEITH W. KEARNEY,

                          Defendants.
----------------------------------------------------------X
Wexler, J.

Plaintiffs Marckenzy Gisomme ("Gisomme"), Tremaine Springer ("Springer"), and Eduardo Aquino (Aquino"), on behalf of themselves and all others similarly situated (collectively, "plaintiffs"), commenced this putative class action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), and New York Labor Laws ("NYLL") against defendants HealthEx Corp. ("HealthEx"), HealthEx Courier LLC. ("Courier"), and Keith W. Kearney ("Kearney") (collectively, "defendants"), claiming that defendants improperly classified them as independent contractors and denied them minimum wage and overtime compensation. Plaintiffs also allege that because of the improper classification, defendants made improper deductions from their compensation and failed to provide them certain statutory notifications in violation of NYLL. Defendants move to dismiss the amended complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP"). Plaintiffs oppose the motion, and request an award of attorney's fees and costs for responding to the motion.

I. <u>BACKGROUND</u>

For purposes of this decision the allegations of the amended complaint can be summarized as follows. HealthEx and Courier are New York corporations owned and controlled by Kearney. Defendants operate a courier service dedicated to the healthcare community. Plaintiffs worked for defendants as drivers, delivering medication and biological materials. As such, defendants were their "employer, joint employer, single employer and/or otherwise according to statutory and common law." Amended Complaint ("Am. Compl.") ¶¶ 16, 18, 20. As owner, Kearney was actively involved in the day-to-day operations of HealthEx and Courier, exercising significant managerial control over their operations, policies, practices, and procedures. Kearney had, *inter alia*, (1) power over personnel decisions, including the power to hire and fire employees, set wages, and control the terms and conditions of employment; (2) power over payroll decisions, including the power to retain time and/or wage records; and (3) power to stop any illegal practices harmful to plaintiffs.

Defendants improperly classified drivers as independent contractors and denied them minimum wage, straight time wages, and overtime compensation. Because of the improper classification, defendants made improper deductions from plaintiffs' compensation and failed to provide them certain statutory notifications in violation of NYLL. Plaintiffs "estimate" that Gisomme and Springer each worked an "average" of 50 hours per week and Aquino worked an "average" of 53 hours per week. Am. Compl. ¶ 35. Plaintiffs estimate that they incurred weekly work-related expenses between $325 and $550, resulting in their regular rate of pay "falling both above and below the applicable minimum wage rate." Am. Compl. ¶¶ 37, 38, 39. In this respect, Gisomme claims that he earned an average of $685 per week, yielding an

average weekly net income between $135 and $360 and an average hourly rate between $2.70 and $7.20. Springer claims that he earned an average of $840 per week, yielding an average weekly net income between $290 and $515 and an average hourly rate between $5.80 and $10.30. Aquino claims that he earned an average of $955 per week, yielding an average weekly net income between $405 and $630 and an average hourly rate between $7.64 and $11.89.

In their motion, defendants argue that (1) plaintiffs fail to raise a plausible inference of an FLSA minimum wage or overtime violation; (2) plaintiffs fail to allege sufficient facts to establish the existence of an employment relationship with any of the defendants under the FLSA; and (3) plaintiffs' NYLL claims should be dismissed on the same grounds as the FLSA claims and, alternatively, under 28 U.S.C. § 1367(c) upon dismissal of the FLSA claims.

## II. DISCUSSION

A. Motion to Dismiss Standard

In *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), the Supreme Court held that to avoid dismissal a plaintiff is required to plead enough facts "to state a claim for relief that is plausible on its face." *Id.* at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678-80 (2009). While heightened factual pleading is not required, *Twombly* holds that a "formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555. On a motion to dismiss, the court must, as always, assume that all allegations in the complaint are true and draw all reasonable inferences in favor of the nonmoving party. *Plair v. City of*

*New York*, 789 F. Supp. 2d 459, 463 (S.D.N.Y. 2011). However, the court must ensure that the complaint sets forth "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570; *see Ruston v. Town Bd. for Town of Skaneateles*, 610 F.3d 55, 57 (2d Cir. 2010). A pleading that does nothing more than recite the elements of a claim, supported by mere conclusory statements, is insufficient to "unlock the doors of discovery." *Iqbal,* 556 U.S. at 678. Rather, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679.

B. FLSA Minimum Wage and Overtime Claims

Defendants argue that plaintiffs' amended complaint does not sufficiently plead an FLSA minimum wage or overtime claim under Second Circuit case law.

As for the overtime claims, the FLSA requires that an employee who works in excess of forty hours in a workweek shall be paid for that excess work "at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1). To state a "plausible FLSA overtime claim, a plaintiff must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours." *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 114 (2d Cir. 2013) (citing 29 U.S.C. § 207(a)(1)).

Upon consideration, the Court finds that the amended complaint fails to sufficiently plead overtime claims. Plaintiffs allegation of an "average" of 50 hours or more is insufficient to state a claim for failure to pay overtime compensation "in a given workweek." *See id.* Rather, as defendants argue, the Second Circuit requires that plaintiffs provide "sufficient detail about the length and frequency of their unpaid work to support a

reasonable inference that they worked more than forty hours in a given week." *Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 201 (2d Cir. 2013); *see also DeJesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 89-90 (2d Cir. 2013) (affirming dismissal of FLSA overtime claim alleging only that in "some or all weeks" plaintiff worked more than 40 hours a week without being paid overtime compensation); *Spiteri v. Russo*, 2013 WL 4806960, at *56 (E.D.N.Y. Sept. 7, 2013) (plaintiff's allegation that during the "time relevant herein, Plaintiff worked approximately fifty (50) to (60) hours per week" found not sufficient to plead FLSA overtime claim). Accordingly, plaintiffs' overtime claims are dismissed without prejudice to plaintiffs' right to amend.

As for the minimum wage claim, the FLSA provides that every employer shall pay a minimum wage to its employees. *See* 29 U.S.C. § 206(a). The current minimum wage is $7.25 per hour. *Id.* § 206(a)(1)(C). Defendants argue that plaintiffs fail to allege the number of hours for which plaintiffs allegedly were not paid minimum wages or when those hours were worked. As defendants note, plaintiffs do not offer specific opposition to defendants' argument, but simply maintain that the claim is sufficiently pled. As noted above, plaintiffs allege that after deducting weekly work-related expenses, Gisomme's average hourly rate was between $2.70 and $7.20; Springer's between $5.80 and $10.30; and Aquino's between $7.64 and $11.89.

Upon consideration, the Court finds that plaintiffs' allegations of "average" weekly gross and net incomes and "average" hourly rates are not sufficient to establish when or for how many hours plaintiffs allegedly worked but were not paid minimum wages. Accordingly, plaintiffs' minimum wage claims are dismissed without prejudice to plaintiffs'

right to amend.

Defendants further argue that plaintiffs fail to allege sufficient facts to establish the existence of an employment relationship between plaintiffs and any of the defendants under the FLSA. The FLSA defines "employer" to include "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). To determine whether an employer-employee relationship exists within the meaning of the FLSA, "the overarching concern is whether the alleged employer possessed the power to control the workers in question with an eye to the 'economic reality' presented by the facts of each case." *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999) (citation omitted). "Under the 'economic reality' test, the relevant factors include 'whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records.' " *Id.* (quoting *Carter v. Dutchess Cmty. Coll.*, 735 F.2d 8, 12 (2d Cir. 1984)); *Wolman v. Catholic Health Sys. of Long Island, Inc.*, 853 F. Supp. 2d 290, 297 (E.D.N.Y. 2012). Even if a putative employer does not exercise "formal control" over a worker, the court must assess whether the entity nevertheless exercised "functional control" over the worker. *Barfield v. N.Y.C. Health & Hosps. Corp.*, 537 F.3d 132, 143 (2d Cir. 2008). In doing so, the court considers

> (1) whether the alleged employer's premises and equipment were used for the Plaintiffs' work; (2) whether Plaintiffs shifted from one putative joint employer's premises to that of another; (3) the extent to which the work performed by Plaintiffs was integral to the overall business operation; (4) whether Plaintiffs' work responsibilities remained the same regardless of where they worked; (5) the degree to which the alleged employer or its agents

> supervised Plaintiffs' work, and (6) whether Plaintiffs worked exclusively or predominantly for one Defendant.

*Wolman*, 853 F. Supp. 2d at 297. Notably, "no one factor is dispositive, and a court is 'free to consider any other factors it deems relevant to its assessment of the economic realities.' " *Id.* (quoting *Zheng v. Liberty Apparel Co.*, 355 F.3d 61, 71-72 (2d Cir.2003)).

In response, plaintiffs maintain that the amended complaint sufficiently pleads an employment relationship, in that Kearney, as owner of HealthEx and Courier, was "actively involved" in day-to-day operations, exercising significant managerial control over their operations, policies, practices, and procedure. In addition, Kearney had the power, *inter alia*, to hire and terminate employees, control work schedules and conditions of employment, and set wages. As for HealthEx and Courier, plaintiffs do not specify which of them employed plaintiffs and which had or exercised the power to hire or fire plaintiffs, supervise or control their work schedules, set conditions of employment, determine rates or methods of pay, or maintain employment records.

Although the Court need not reach this issue given that plaintiffs' minimum wage and overtime claims are inadequately plead, the Court finds that plaintiffs' conclusory allegations of Kearney's operational involvement and control of HealthEx and Courier and his alleged general power over various employment decisions are not sufficient to establish Kearney's status as plaintiffs' employer under the FLSA. *See, e.g.*, *Tracy v. NVR, Inc.*, 667 F. Supp. 2d 244, 247 (W.D.N.Y. 2009) (finding boilerplate allegations that individual meets various prongs of economic reality test without any supporting details insufficient to state plausible claim for individual's liability as employer under FLSA). Moreover, without more specifics, plaintiffs' allegations are not sufficient to establish that HealthEx and/or Courier

exercised "formal control" or "functional control" over plaintiffs. In any event, as noted, the amended complaint is dismissed without prejudice to plaintiffs' right to amend.

C.  Supplemental State Law Claims

Given the dismissal of plaintiffs' FLSA claims, the Court grants defendants' request to dismiss the supplemental state law claims under § 1367(c), subject to plaintiffs' right to replead their FLSA claims.

D.  Plaintiffs' Request for Attorney's Fees and Costs

Plaintiffs' request for an award of attorney's fees and costs for responding to defendants' motion is denied, as there is no basis for such an award under FRCP 11 (even assuming plaintiffs made an appropriate motion thereunder) or 28 U.S.C. § 1927 (governing counsel's liability for excessive costs).

III.  CONCLUSION

For the above reasons, defendants' motion to dismiss is granted without prejudice to plaintiffs' right to amend within 60 days.

SO ORDERED.

_____/s/_____
LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
       May 15, 2014